Moore, Appellant, v. The Niagara Fire Insurance Company of New York.

199     49
212    390
199     49
35 SC  620

*Insurance—Fire insurance—Unoccupied building.*

In an action upon a policy of fire insurance, providing that the policy shall be void if the building " whether intended for occupancy by owner or tenant be or become vacant or unoccupied and so remain for ten days," the plaintiff will not be entitled to recover where it appears that at the time the insurance was placed, the building, a new dwelling house built to be sold, and never before tenanted, was, to the knowledge of defendant's agents, and therefore to its knowledge, unoccupied; that no question of its occupancy, present or future, was raised between the parties as affecting the contract; that plaintiff took the policy as prepared by defendant's agents without reading it, and believing it to accord with his agreement with them; that the building remained unoccupied for more than ten days thereafter; that after being occupied for some months it became again vacant and so remained for more than ten days until destroyed by fire.

Argued March 4, 1901. Appeal, No. 324, Jan. T., 1900, by plaintiff, from judgment of C. P. Berks Co., Nov. T., 1899, No. 47, for defendant non obstante veredicto in case of Charles Moore v. Niagara Fire Insurance Company of New York. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before Endlich, J.

At the trial the jury returned a verdict in favor of the plaintiff subject to the following question reserved:

The building in question having become vacant and unoccupied and having so remained for ten days and upwards immediately before the time of its destruction, the verdict must be for the defendant. *Answer:* Reserved and not read to the jury.

The court in an opinion by Endlich, J., entered judgment for defendant non obstante veredicto.

The opinion was as follows:

Under the pleadings and the charge of the court, the verdict must be taken to establish the facts, that, at the time the insurance was placed, the building, a new dwelling house built to

be sold, and never before tenanted, was, to the knowledge of
defendant's agents and therefore to its knowledge, unoccupied;
that no question of its occupancy, present or future, was raised
between the parties as affecting the contract; that plaintiff took
the policy as prepared by defendant's agents without reading it
and believing it to accord with his agreement with them; that
the building remained unoccupied for more than ten days there-
after; that after being occupied for some months it became
again vacant and so remained for more than ten days until de-
stroyed by fire. The pleadings, the charge and the verdict being
matters of record, these facts, together, of course, with the tenor
of the policy sued upon, appear by the record, and are therefore
to be considered in connection with, and as if incorporated in,
the point reserved: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa.
526.

The provision relied on by defendant is this:

This entire policy, unless otherwise provided by agreement
indorsed hereon or added hereto, shall be void if . . . . a build-
ing herein described, whether intended for occupancy by owner
or tenant, be or become vacant or unoccupied and so remain for
ten days,—the misdescription of the building in the policy as
" occupied as dwelling " being of no importance as affecting the
validity of the policy: Landes v. Safety Mut. Fire Ins. Co., 190
Pa. 536, 542; Mullen v. Union Central Life Ins. Co., 182 Pa.
150, 155; Dowling v. Merchants' Ins. Co., 168 Pa. 234, 239;
Shanahan v. Agricultural Ins. Co., 6 Pa. Superior Ct. 65.

It will be observed that the provision quoted predicates the
avoidance of the insurance upon either of two conditions—
(*a*) the property being vacant and so remaining for ten days, or
(*b*) its becoming vacant after being occupied and then remain-
ing vacant for ten days. The former has reference to a state
of things presently existing when the policy is issued and con-
tinuing thenceforth without interruption. The latter, as is said
in Haight v. Continental Ins. Co., 92 N. Y. 51, 54, " assumes
a policy already existing and valid in its inception," and refers
to a vacancy commencing in the future. It is a mistake, how-
ever, to suppose that the condition (*a*) undertakes to avoid the
insurance simply because the building is unoccupied when in-
sured. On the contrary, it contemplates that possibility as con-
sistent with the attaching of the policy. In order to come

within the operation of the condition, there must be both a present vacancy and a continuance thereof for ten days. This interpretation is required by a "fair grammatical construction of the language of the clause" (England v. Westchester Fire Ins. Co., 81 Wis. 583 ; 51 N. W. Repr. 954), and the rule, unquestionable as it is, that an insurance contract is to be enforced according to its true spirit, "its meaning must be obvious and require no straining in order to provoke a forfeiture:" Woodruff v. Imperial Fire Ins. Co., 83 N. Y. 133, 144. The effect of the provision being as stated, there is no relevancy to this case in the decisions which say that, where an insurance company insures a vacant property, knowing or not caring that it is vacant, a clause in the policy avoiding the insurance if the property be vacant must be deemed waived and the company held estopped from taking advantage of it : Short v. Home Ins. Co., 90 N. Y. 16 ; Bennett v. Agricultural Ins. Co., 106 Pa. 243 ; Williams v. Niagara Fire Ins. Co., 50 Iowa, 561 ; Aurora Fire, etc., Ins. Co. v. Kranich, 36 Mich. 289 ; or in those which, basing themselves upon such decisions, treat the provision in this policy as identical in effect with the clauses there passed upon : Brown v. Milwaukee Mechanics' Ins. Co., 44 Pac. Repr. (Kan.) 35 ; Rochester Loan & Bank'g Co. v. Liberty Ins. Co., 62 N. W. Repr. (Neb.) 877 ; German Ins. Co. v. Frederick, 77 N. W. Repr. (Neb.) 1106. Nor, again, are those cases of any persuasive value which deal with nonoccupancy clauses not limiting the period of vacancy ; for the absence of such limit seems to be a material element in determining their effect and the extent of the waiver implied in the insurance of an unoccupied building. Says ANDREWS, J., in Bennett v. Agricultural Ins. Co., supra, at p. 250 :

"If the contract contains no provision limiting the vacancy, it may continue during the whole time of the policy and the premium presumably covers the risk. The condition (there) in question imposes no obligation upon the owner of a dwelling house, insured as vacant property, to occupy it for any period during the running of the policy, etc.," thus implying that the fixing of such a limit might be attended with a different result : the result, indeed, approved in England v. Westchester Fire Ins. Co., supra, viz : an obligation on the part of the insured to occupy the property within the period limited and a forfeiture

of the insurance in the event of its not being so occupied.   It
is true that the ruling in Devine v. Home Ins. Co., 32 Wis. 471,
ignoring this distinction, is to the contrary.   But, though not
explicitly overruled (for it is not noticed at all) in the latter
decision of the same court, it certainly can no longer be re-
garded as of any weight.   In reason and common sense, there
seems to be abundant justification for the distinction.   Where
a company, with its eyes open, insures unoccupied property
and takes the premium fixed by itself, the insertion of a stipu-
lation in the policy that the insurance shall be void if the prop-
erty is what it is, looks very like an attempt to perpetrate a
fraud.   At any rate, it is a stipulation which must be rejected
in the interpretation of the contract, not upon the basis of its
reformation by parol evidence (Walton v. Agricultural Ins.
Co., 116 N. Y. 322), but under the familiar rule established in
this state by the decisions in Barnhart v. Riddle, 29 Pa. 92,
and a multitude of cases following its lead, that evidence to
explain the subject-matter of a written contract is always re-
ceivable, together with the equally settled principle that every
contract must be construed by applying its language to the
thing about which the parties were contracting (2 Parsons on
Contracts, *517 ; West Republic Mining Co. v. Jones, 108 Pa.
55, 56; Doster v. Friedensville Zinc Co., 140 Pa. 147, 150), and
in the light of the circumstances surrounding the making of
the contract and affecting its subject-matter: McKeesport
Machine Co. v. Ben Franklin Ins. Co., 173 Pa. 53, 57, and il-
lustrating the objects to be accomplished: Allison's App., 77
Pa. 221, 226; Richardson v. Clements, 89 Pa. 503, 505; Phœnix
Silk Mfg. Co. v. Reilly, 187 Pa. 526, 534, 538, 539.   And if the
avoidance of the insurance is predicated upon the existence of
a vacancy without anything more—not a vacancy continuing
for so and so long, but the bare fact that the building is or be-
comes vacant, when in point of fact it was insured as a vacant
building, so that, if the provision is enforced the policy must
be regarded as void ab initio, it necessarily follows that it must
go by the board as a whole; because to deny it the effect of
destroying the policy from its inception and yet permit it to
stand to the extent of avoiding the insurance if the vacancy be
continued beyond a period, the court might deem reasonable,
would be, not to construe a contract made by the parties, but

to make a new one for them, which is a thing the court will
not do: Weaver v. Shenk, 154 Pa. 206. Such a stipulation
being thus wholly eliminated and the contract standing as one
of insurance upon a vacant building, or perhaps more accurately
upon a building which the insured might or might not occupy
as he chose, it further follows with logical necessity, that, if he
tenant it for a time, the occurrence of a vacancy by the removal
of the tenant, or any number of subsequently recurring vacan-
cies, can have no bearing whatever upon the liability of the
company: Bennett v. Agricultural Ins. Co., supra; Aurora Fire,
etc., Ins. Co. v. Kranich, supra; Commercial Ins. Co. v. Spank-
neble, 52 Ill. 53. The building being in the same condition as
regards occupancy, in which it was when insured, and the com-
pany having presumably been paid for assuming the risk inci-
dent to that condition, it has nothing to complain of and is
bound to stand by its bargain. (See for a recognition of the
general principle involved in this proposition : Kister v. Le-
banon Mutual Ins. Co., 128 Pa. 553 ; Gould v. Dwelling House
Ins. Co., 134 Pa. 570 ; Weiss v. American Fire Ins. Co., 148
Pa. 349.) But there is no inconsistency between an agreement
to insure a presently unoccupied building and a condition an-
nexed thereto, that, (*a*) if it remain unoccupied for a period
exceeding so and so many days, or (*b*) if, after having been
occupied, it shall become again vacant and so remain for a simi-
lar period, the insurance shall, in either event, be thereby ter-
minated. In order to do away with the obvious and indubitably
lawful effect of such a condition, it is not enough to call atten-
tion to the subject-matter of the contract, the circumstances
surrounding and necessarily affecting it, and the self-evident
object of the transaction, but, it would seem, indispensable to
show either a distinct bargain to the contrary, sufficient in ex-
plicitness of terms and in clearness and weight of proofs to
reform the policy (see Hartford Fire Ins. Co. v. Davenport, 37
Mich. 609), or a subsequent waiver of the condition. The former,
as defendant's counsel rightly insists, is not established in this
case. Was there a waiver, or anything from which the jury,
had the question been submitted to it, might have inferred a
waiver of the condition with the effect of rendering the defend-
ant company liable for the loss when it occurred? And right
here let it be noted that a waiver by subsequent conduct of the

right to insist upon a forfeiture of the insurance by reason of the continuance for more than ten days of a vacancy existing at the time of the issuance of the policy, but terminated before the occurrence of the loss, is not the same thing as a waiver in advance of the entire nonoccupancy clause by the mere fact of insuring an unoccupied building where that fact is inconsistent with some part of the clause; and that therefore such subsequent waiver of condition (*a*) in the provision of this policy does not necessarily carry with it a waiver of condition (*b*) becoming operative after the initial vacancy has ceased and the property has become occupied. In other words, it is clear that under this policy, the company, insuring a vacant house to be occupied within ten days, may consent to a postponement of its occupation to a date more than ten days beyond that of the issuance of the policy—may by its conduct after insurance waive its right to insist upon that limit for the termination of the vacancy existing at the time of the insurance—without thereby renouncing its right to avoid the policy in case and on the ground of a new vacancy continuing for more than ten days.

It is held in England v. Westchester Fire Ins. Co., supra, that the insurer of a vacant building subject to condition (*a*) need trouble himself no further about it, since a failure on the part of the insured to comply with the condition is not to be expected and if it occurs, at once terminates all liability upon the policy; and hence, that the agent's knowledge, though imputed to the company, of the vacancy at the time of insurance is not notice of the continuance of the same state of things beyond the ten day limit, and the company's failure to object thereto or promptly avoid the insurance cannot be deemed a waiver of the condition. I have been unable to find a satisfactory answer to this proposition as ordinarily controlling. But suppose there is a distinction to be made between the ordinary case of a dwelling house presently unoccupied and that of a newly finished one, never yet occupied and built to be sold. It may be that the latter ought not to be understood as intended to be immediately occupied, partly because of the known objections to occupying a house not sufficiently seasoned and partly because of the further fact that the sale of such a house is in general injured by a temporary occupation of it, destroy-

ing its character as a new house—a fact best understood by real estate agents, which business defendant's agents were engaged in when this insurance was placed by them. And it may be that a reasonable consideration of these circumstances, amounting to notice of a possible intention to disregard the limit of vacancy, should have led the defendant company, if it meant to insist upon the letter of condition (*a*) and at the same time deal with the plaintiff in perfect fairness and good faith (as insurance companies are held to do : Earley v. Mutual Fire Ins. Co., 178 Pa. 631 ; Hower v. Susquehanna Mutual Fire Ins. Co., 9 Pa. Superior Ct. 153), to keep an eye upon the property and promptly advise him of the avoidance of his insurance, so that he might protect himself by other ; and that its failure to do so during the continuance of the vacancy or subsequently while the house was tenanted ought in conscience to be deemed a waiver of the right to defend upon the ground of a breach of condition (*a*) after the lapse of over half a year and after the destruction of the property. Be that, however, as it may, what is there to show a waiver of the effect of the second vacancy, under condition (*b*) ? There is nothing in the charge which makes the verdict decisive upon this point, and therefore the reserved point is not to be treated as containing any statement upon it beyond the fact that there was a vacancy of more than ten days immediately preceding the fire. The question now is whether there is anything in the evidence which would warrant a finding that the defendant had waived the effect of this vacancy. For the purposes of this inquiry, the evidence of the plaintiff, with all the inferences legitimately to be drawn from it, must be taken as verity, together with the uncontradicted facts of the case. The latter then presents itself in this wise:

Defendant's agents were at the same time engaged in the business of real estate agents. As such they had the plaintiff's property upon their list for sale (not for rent). Plaintiff's tenant (who leased from plaintiff, not from defendant's agents), occupying the house from month to month, removed from it on March 29, leaving the key with a third party previously agreed upon between him and plaintiff and moving into a house he rented from defendant's agents. There is nothing to show that when they rented to him, they knew he was occupying the

plaintiff's property and that by his removal from it the same would become vacant. The plaintiff first heard of his removal some few days before April 16 or 17, when he got the key. He then called upon defendant's agents and told them they had taken his tenant out of his house, whereupon they made a memorandum of some sort. There is no evidence that any thing was said about the vacancy as affecting the insurance, or that the company was notified of the vacancy. The plaintiff was actually unaware of the policy's provision concerning vacancies until after suit was brought, he being unable to read. The house remained unoccupied up to the time of the fire, which occurred on April 23.

Were it shown that when defendant's agents had charge of plaintiff's property for the purpose of renting and not merely of selling, or that when they rented to plaintiff's tenant they knew, or ought to have known, that he was such, the case might be different from what it is. The contention of the defendant that even such knowledge, acquired in their business as real estate agents, would not be notice to them as insurance agents seems to rest upon a distinction belonging to that class which, in Smith v. Northwestern Mut. Life Ins. Co., 196 Pa. 314, 319, Mr. Justice BROWN declares to be "too refined for judicial approval," and which Lord ELDON, in Ex parte Bennett, 10 Vesey, 381, 399, pronounces "too thin to form a safe rule of justice." Nor does it find countenance in the decision relied upon by defendant's counsel in Davey v. Glens Falls Ins. Co., 9 Ins. Law Jour. 497; for there the company's agent was at the same time in charge of the property insured as the agent of the owners, and his knowledge in the latter capacity that it had become vacant is treated by NELSON, J., as notice of that fact to him as agent of the company. But for aught that appears in the testimony (and the plaintiff cannot have the benefit of an unproved fact material to his recovery the same as if it had been proved: Pease v. Cole, 53 Conn. 53) the defendant's agents were not apprised of the vacancy until it had existed for more than ten days, i. e., until the policy was void under condition (*b*), which is not abrogated, of course, by plaintiff's inability to read, in the absence of proof of any fraudulent trick or device practiced upon him to induce his acceptance of the policy without having it read and explained to

him: Weller's App., 103 Pa. 594; Johnston v. Patterson, 114 Pa. 398; Lett v. Kunkle, 178 Pa. 273. In these circumstances, quite apart from any question of the agent's power to waive a forfeiture already complete, it is certainly true that their mere silence, their omission to notify the company of the vacancy and its failure to advise the plaintiff of the lapse of the policy cannot be construed into a waiver thereof : Titus v. Glenn Falls Ins. Co., 81 N. Y. 410; Schimp v. Cedar Rapids Ins. Co., 124 Ill. 354.

There thus appears to be no escape from the conclusion that there can be no recovery against the defendant under this policy, and, therefore, the rule for a new trial is discharged and the rule for judgment n. o. v. is made absolute.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Isaac Hiester*, with him *A. S. Strunk* and *D. Nicholas Schaeffer*, for appellant.—If the court should be of opinion that this clause of forfeiture for nonoccupancy is broad enough in its terms to be applicable to a house built for sale and not intended for occupancy by owner or tenant, the clause construed in the light of the circumstances surrounding the making of the contract and affecting its subject-matter does not prevent recovery in this case: Continental Ins. Co. v. Ruckman, 127 Ill. 364; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157 ; Dowling v. Merchants Ins. Co., 168 Pa. 234; Short v. Home Ins. Co., 90 N. Y. 16; Devine v. Home Ins. Co., 32 Wis. 471; Milwaukee Mechanics' Ins. Co. v. Brown, 44 Pac. Repr. 35; Rochester Loan & Banking Co. v. Liberty Ins. Co., 62 N. W. Repr. 877 ; England v. Westchester Fire Ins. Co. of N. Y., 81 Wis. 583; Improved Match Co. v. Michigan Mut. Fire Ins. Co., 80 N. W. Repr. 1088; Lancaster Silver Plate Co. v. National Fire Ins. Co., 170 Pa. 151; Hampton v. Hartford Fire Ins. Co., 47 Atl. Repr. 433.

A subsequent temporary occupancy did not affect the contract, if the property at the time of the fire was in the same condition as when it was insured: Kister v. Lebanon Mut. Ins. Co., 128 Pa. 553; Weiss v. American Fire Ins. Co., 148 Pa. 349 ; Commercial Ins. Co. v. Spankneble, 52 Ill. 53; Ben-

nett v. Agricultural Ins. Co., 106 N. Y. 243; Freedman v. Fire Assn. of Phila. Co., 168 Pa. 249; Earley v. Mut. Fire Ins. Co., 178 Pa. 631.

*Cyrus G. Derr*, for appellee, cited: West Branch Ins. Co. v. Helfenstein, 40 Pa. 288; McClure v. Watertown Fire Ins. Co., 90 Pa. 277; England v. Westchester Fire Ins. Co., 21 Ins. Law Jour. 808 ; Lancaster Silver Plate Co. v. Manchester Fire Assurance Co., 170 Pa. 168; Weisenberger v. Harmony Ins. Co., 56 Pa. 444; Sylvius v. Kosek, 117 Pa. 76.

PER CURIAM, April 1, 1901:

The judgment in this case is affirmed on the opinion of the learned judge of the common pleas.

Judgment affirmed.