Hardiman, Appellant, v. Fire Association of Philadelphia.

212    383
38SC 1600

*Insurance—Fire insurance—Contract—Place of contract—Conflict of laws.*

Where a policy is required to be countersigned by an agent in another state the contract is to be governed by the law of the state where the agent resides.

Where a property is insured under a policy in the standard form prescribed in the New Jersey statutes, the insured is bound to know the contents of the policy.

*Insurance—Fire insurance—Vacant premises.*

Where a fire insurance policy provides that if the premises be or become vacant or unoccupied and so remain for ten days, the policy shall be void, the vacation of the premises for such a period will render the policy void either under the law of New Jersey, or under the law of Pennsylvania, and the fact that the premises were reoccupied after such time does not avoid the forfeiture.

*Insurance—Fire insurance—Contract—Obscuring words of policy by U. S. stamps.*

In an action on a fire insurance policy it appeared that it contained this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void . . . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant, or unoccupied, and so remain for ten days." In affixing United States revenue stamps to the policy, the company's agent com-

pletely covered the words "this entire policy unless otherwise provided by agreem&nt indorsed hereon or," so that they could not be seen or read. *Held,* that the insured could not set up a claim that he had no notice of the existence of the covenant as to the occupancy of the building.

Argued March 21, 1905. Appeal, No. 361, Jan. T., 1904, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March Term 1901, No. 3067, on verdict for defendant in case of Patrick Hardiman v. Fire Association of Philadelphia. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before BEITLER, J.

At the trial the defendant claimed that the policy had been forfeited by a violation of a covenant of the insured against leaving the premises unoccupied and vacant for ten days. An inspection of the policy showed that some of the words of this covenant had been covered by United States revenue stamps.

When plaintiff was on the stand he was asked this question: " Q. What became of the premises in winter?"

Objected to on the ground that nothing appears on the face of the policy showing that that has any bearing upon the question.

Mr. Moise states that the part that is covered by the revenue stamps shows that.

The Court: Unless counsel can agree as to what is under the revenue stamps, the court will direct the revenue stamps to be removed for the purpose of ascertaining what is printed under them.

Mr. Staake admits that the form produced by Mr. Moise contains what will be found under the stamps, reserving the right to show hereafter that the covering of the words by the stamps was not called to the assured's intention and was done by the company.

The court overrules the plaintiff's objection to the question asked of the witness.

Exception to plaintiff. [1]

" Q. What became of the premises in the winter?—A. My things was in the house all the winter, and I visited the place most every week. I never moved my things out of it."

Plaintiff presented these points:

1. If the jury believe that the revenue stamps were placed

upon this policy by the mistake of the defendant's agent, and that the plaintiff took the policy ignorant of that fact and ignorant of the conditions concealed by the stamps, then the defendant cannot rely upon the breach of any of the conditions so concealed as a defense to this suit. *Answer :* Refused. [2]

4. If the jury believe that the plaintiff or his son entered and was upon the premises insured at least once in every ten days from the date of the policy to the date of the fire, then the premises did not become vacant or unoccupied within the meaning of the policy. *Answer :* Refused. [3]

5. The fact that the premises were occupied at the time of the loss makes it immaterial whether or not they had previously been occupied for ten days together or longer. For the object of the condition is to provide against increase of the risk, and if the fire occurred when the risk was so increased, the policy would be void ; but when the loss takes place at a time when the risk is not increased, the object of the condition falls and the condition falls with it. *Answer :* Refused. [4]

Defendant presented this point:

Under all the evidence, your verdict must be for the defendant. *Answer :* Affirmed. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2–5) above instructions, quoting them.

*Henry B. Patton*, with him *William H. Staake*, for appellant. —When a stipulation or an exception to a policy of insurance emanating from the insurers, is capable of two meanings, the one is to be adopted which is most favorable to the insured : May on Ins., secs. 172–179 ; Allen v. Ins. Co., 85 N. Y. 473 ; Western Ins. Co. v. Cropper, 32 Pa. 351 ; White v. Smith, 33 Pa. 186. In case of doubt. as to the meaning of terms emanating from an insurance company, they are to be construed most strongly against the insurer : Wilson v. Ins. Co., 4 R. I. 141 ; Bartlett v. Ins. Co., 46 Maine, 500 ; Bowman v. Ins. Co., 27 Mo. 152 ; Ins. Co. v. Slaughter, 79 U. S. 404 ; North American Life and Acc. Ins. Co. v. Burroughs, 69 Pa. 43 ; Humphreys v. Benefit Assn., 139 Pa. 214 ; Hoffman v. Ins. Co., 32 N. Y. 405 ; Henn v. Life Ins. Co., 67 N. J. L. 310 (51

Atl. Repr. 689); Hampton v. Ins. Co., 65 N. J. L. 265 (47 Atl. Repr. 433).

The legal construction of a policy is governed by the law of the state in which the company is incorporated: St. John v. American Mut. Life Ins. Co., 13 N. Y. 31; Cutler v. Thomas, 25 Vt. 73; In re Globe Mut. Ben. Assn. 63 Hun, 263 (17 N. Y. Supp. 852); Fidelity Assn. v. Ficklin, 74 Md. 172 (21 Atl. Repr. 680); Bailey v. Hope Ins. Co., 56 Me. 474.

The property must be abandoned. If the animus revertendi is shown it will be read into the condition that there could be temporary periods of idleness: Williams v. Ins. Co., 24 Fed. Repr. 625; Mfg. Co. v. Ins. Co., 33 Fed. Repr. 232; Ins. Co. v. Davis, 40 Neb. 700 (59 N. W. Repr. 698); Hill v. Ins. Co., 99 Mich. 466 (58 N. W. Repr. 359); Ins. Co. v. Pankey, 91 Va. 259 (21 S. E. Repr. 487); Keith v. Ins. Co., 92 Mass. 228; Lead Works v. Ins. Co., 2 Fed. Repr. 479; Carr v. Ins. Co., 60 N. H. 513.

The plaintiff was not bound by this condition, because it did not appear upon the face of the policy, and the plaintiff never had any notice of its existence: Noel v. Pymatuning Mut. Fire Ins. Co., 130 Pa. 523; Armstrong v. Western Manufacturers' Mut. Ins. Co., 95 Mich. 137 (54 N. W. Repr. 637); Cooper v. Phibbs, L. R. 2 Eng. & Irish App. 149; Hunt v. Rousmanier's Administrators, 21 U. S. 174; Snell v. Insurance Co., 98 U. S. 85; Canedy v. Marcy, 79 Mass. 373; Martin v. R. R. Co., 36 N. J. Eq. 109; Kyle v. Fehley, 81 Wis. 67 (51 N. W. Repr. 257); Park v. Blodgett, 64 Conn. 28 (29 Atl. Repr. 133); Griswold v. Hazard, 141 U. S. 260 (11 Sup. Ct. Repr. 972); Lee v. Percival, 85 Iowa, 639 (52 N. W. Repr. 543).

The admitted fact that the property was occupied at the time of the issuance of the policy and at the time when the fire took place, makes any intervening breach of the condition immaterial, for the object of the condition is to provide against an increase of the risk, and if the fire had occurred when the risk was so increased the plaintiff could not have recovered, but when the loss takes place at a time when the risk is not so increased the object of the condition falls and the condition falls with it: Traders' Ins. Co. v. Race, 31 N. E. Repr. 392; Mears v. Ins. Co., 92 Pa. 15; Bentley v. Lum-

bermen's Ins. Co., 191 Pa. 276; Kister v. Ins. Co., 128 Pa.
553; DeLoy v. Ins. Co., 171 Pa. 1; Burkhard v. Ins. Co.,
102 Pa. 262; Pickett v. Ins. Co., 144 Pa. 79; Heffron v. Ins.
Co., 132 Pa. 580; Mut. Fire Ins. Co. v. Coatesville Shoe
Factory, 80 Pa. 407; McClure v. Watertown Fire Ins. Co.,
90 Pa. 277; Baldwin v. Hartford Fire Ins. Co., 60 N. H.,
422; Ins. Co. v. Catlin, 163 Ill. 256 (45 N. E. Repr. 255);
Grandin v. Rochester German Ins. Co., 107 Pa. 26; Imperial
Fire Ins. Co. v. Dunham, 117 Pa. 460; Commonwealth Ins.
Co. v. Berger, 42 Pa. 285; Manufacturers', etc., Ins. Co. v.
O'Maley, 82 Pa. 400; Smith v. Farmers', etc., Mut. Fire Ins.
Co., 89 Pa. 287; Stainer v. Royal Ins. Co., 13 Pa. Supe-
rior Ct. 25; Ins. Co. v. Simons, 96 Pa. 520; Life Ass'n v. Gil-
lespie, 110 Pa. 84; Mut. Aid Soc. v. Kinter, 12 W. N. C. 76.

*Albert L. Moise,* of *Sharp, Alleman & Moise,* for appellee.—
The lex loci contractus is the place where the contract be-
comes perfect in contemplation of the parties thereto, and the
contract of insurance, upon which this action is brought, did
not become complete in contemplation of the parties until the
offer had been accepted and the policy signed by the agent of
the insurer at Burlington, in the state of New Jersey: Adams
v. Lindsell, 1 Barn. & Ald. 681; McClintock v. South Penn
Oil Co., 146 Pa. 144; Barney v. Clark, 22 Pitts. L. J. 69;
Life Ins. Co. v. Brown, 5 Lanc. Law Rev. 394; Northampton
Mut. Live Stock Ins. Co. v. Tuttle, 40 N. J. L. 476; Tayloe
v. Merchants' Fire Ins. Co., 50 U. S. 390; Brooke v. N. Y.,
Lake Erie, etc., R. R. Co., 108 Pa. 529; Newman v. Brigan-
tine Beach R. R. Co., 3 Pa. Dist. Rep. 833; Pennighaus v.
Jacobs, 12 Lanc. L. R. 203; Allshouse v. Ramsay, 6 Whart.
331; Brown v. R. R. Co., 83 Pa. 316; Waverly Nat. Bank v.
Hall, 150 Pa. 466; Burnett v. Penn. R. R. Co., 176 Pa. 45.

The insured is bound by the conditions contained in a pol-
icy of insurance which he receives and retains in his posses-
sion, without objection, for more than a year and until after
the insured property has been destroyed: Swan v. Watertown
Fire Ins. Co., 96 Pa. 37; Susquehanna Mut. Fire Ins. Co. v.
Swank, 102 Pa. 17; Burson v. Fire Assn. of Phila., 136 Pa.
267; Pottsville Mut. Fire Ins. Co. v. Fromm, 100 Pa. 347;
New York Life Ins. Co. v. Fletcher, 117 U. S. 519 (6 Sup.

Ct. Repr. 837) ; American Ins. Co. v. Neiberger, 74 Mo. 167 ; Richardson v. Maine Ins. Co., 46 Me. 394 ; Syndicate Ins. Co. v. Bohn, 65 Fed. Repr. 165 ; Scranton Steel Co. v. Ward's Line, 40 Fed. Repr. 866 ; Allen v. Ins. Co., 123 N. Y. 6 (25 N. E. Repr. 309).

The inadvertent pasting of revenue stamps by the agent of the insurer over a part of some of the conditions contained in the policy, was merely a clerical error, which in no way affected the terms of the contract of insurance entered into between the parties thereto : Farmers' Mut. Fire Ins. Co. v. Barr, 94 Pa. 345.

Where one of the conditions of a policy of insurance provides that, " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if a building herein described, whether intended .for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days," the entire policy is avoided if the condition is broken : Herrman v. Adriatic Fire Ins. Co., 85 N. Y. 162 ; Bryan v. Peabody Ins. Co., 8 W. Va. 605 ; Sonneborn v. Ins. Co., 44 N. J. L. 220.

Where the relation of insurer and insured is terminated by breach of a condition of the contract of insurance, said contract cannot be restored without the express consent of the insurer ; and this is so without reference to the question whether the breach increased the risk or not : Trask v. State Fire & Marine Ins. Co., 29 Pa. 198 ; Diehl v. Ins. Co., 58 Pa. 443 ; Carroll v. Ins. Co., 38 Barb. 402 ; Ferree v. Oxford Fire & Life Ins. Co., 67 Pa. 373 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460.

OPINION BY MR. JUSTICE POTTER, June 22, 1905 :

This was an action brought upon a policy of fire insurance to recover for a loss by fire. The property insured consisted of a dwelling house and farm buildings located in 'Burlington county, N. J., and owned by the plaintiff.

The policy was of the standard form prescribed by statute in New Jersey and contained among its conditions the following clause : " This entire policy, unless otherwise provided by agreement endorsed hereon and added hereto, shall be void, if a building herein described, whether intended for occupancy

by owner or tenant, be or become vacant or unoccupied and so remain for ten days." In affixing the U. S. revenue stamps to the policy the company's agent completely covered the words " This entire policy, unless otherwise provided by agreement endorsed hereon or," so that they could not be seen or read, but the words " shall be void if the in " and the clause as to occupancy were not covered. The policy was in this condition when sent to the broker and by him delivered to the plaintiff and so remained until the trial.

When the policy was issued the plaintiff and his family were occupying the insured premises. In the following October they closed the house and removed to Philadelphia for the winter. In May, 1900, they returned to the farm and continued to occupy the house until September 13, when it was destroyed by fire. During the period of their residence in Philadelphia, from October, 1899 to May, 1900, the greater part of their furniture and household utensils were left in the insured house and the plaintiff visited it at least once a week and occasionally remained there overnight. The house was in charge of a neighbor who lived a block and a half away.

The amount of the loss was fixed by appraisement at $4,478, the amount claimed by plaintiff in his statement. The company defended on the ground that the policy had become void under the condition quoted above by reason of the house having been vacant and unoccupied without permission for more than ten days, and the trial judge upon this ground gave binding instructions for the defendant, and this is assigned as error.

The first proposition upon which appellant rests is, the property did not become " vacant or unoccupied " within the meaning of the policy. He admits, however, that if the contract was made in New Jersey, and is governed by the law of New Jersey, this position is untenable: Sonnenborn v. Ins. Co., 44 N. J. L. 220; Lattan v. Ins. Co., 45 N. J. L. 453; Hartshorne v. Ins. Co., 50 N. J. L. 427.*

We are clear that under the facts, the contract was made in New Jersey. The broker who procured the insurance for the plaintiff testified that when he presented the application to the vice president of the company in Philadelphia, the latter looked

*Also reported 14 Atl. Repr. 615.   Reporter.

at the form, said it looked all right, no doubt it was all right; but to send it to Mr. Taylor at Burlington. This was certainly not an acceptance of the risk nor an agreement to issue a policy. The letter of the broker to Taylor inclosing the application shows that he did not so understand it, as he requests Taylor to advise him promptly if satisfactory. The policy issued did not become effective until countersigned by the agent at Burlington, and in his letter of August 21, Taylor writes: " If you have nothing further from us by to-morrow, consider risk placed."

The authorities are well settled that where a policy is required to be countersigned by an agent in another state, the contract is to be governed by the law of the state where the agent resides. The substance of the cases is thus stated in 22 Am. & Eng. Ency. of Law (2d ed.), 1350, "if the policy provides that it shall not be complete until countersigned by an agent at a specified place, it is a contract of the place where it is to be countersigned." This suit, it will be remembered, is upon the policy, and not upon any antecedent parol contract.

But even if Pennsylvania law were to be applied to this case, no recovery could be had, for the plain condition of the policy was broken, and the contract of insurance became void : McClure v. Ins. Co., 90 Pa. 277 ; Moore v. Ins. Co., 199 Pa. 49.

The plaintiff further contends that he was not bound by this condition because it did not appear upon the face of the policy, and he had no notice of its existence. But the only portion of the policy covered by the adhesive stamps was the beginning of the opening sentences.

If the insured had read his policy, so far as he could see it, he could not have been misled as to its requirements. It was plainly apparent that a part of the printed matter was covered by the stamps and that was sufficient to put the insured upon inquiry. Swan v. Ins. Co., 96 Pa. 37 is a case in point.

It is also urged by the appellee, and we think with force, that the insured was bound to know the contents of the policy because the contract is a New Jersey one, and the policy is the standard form prescribed by the New Jersey statute. The appellant also contends that the admitted fact that the property was occupied at the time of the issuance of the policy

and at the time when the fire took place, makes any intervening breach of the condition immaterial.

But this is answered by the appellee by citing Ferree v. Ins. Co., 67 Pa. 373, and Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460. The condition that the policy should be void if the property became vacant or unoccupied and so remain for ten days was made part of the contract, and the company has a right to rely upon it: Bemis v. Ins. Co., 200 Pa. 340. Under the terms of the policy, if the insured desired to vacate the property for more than ten days he was bound to give notice to the company. It might then give its consent, or cancel the policy. Failure to notify the company deprived it of its option in this respect, and gave it the right to treat the policy as void from that time.

The specifications of error are overruled and the judgment is affirmed.