# Equitable Gas Company *v.* Limegrover, Appellant.

*Deed — Construction — Ambiguous language — Surrounding circumstances—Conduct of parties.*

1. A landowner by deed conveyed to a gas company the right to lay down and maintain a line of pipe with the necessary appurtenances for the same on a line marked on the ground and described in the deed. The right was also given to erect and maintain telegraph or telephone poles which were declared to be a necessary appurtenance. The term stated in the deed was fifteen years. Subsequently the owner sold the land and his grantee was the owner at the expiration of fifteen years period. On the termination of the right the new owner executed a deed by which he continued to the gas company its right to have and maintain its pipe line for the conveyance of gas over his land, defining the line, and stating that it was the same line that was laid down under the right of way given by the previous owner "the said right of way having expired by limitation of term." This deed made no allusion to the telegraph or telephone line. The owner, however, knew of the telephone line and made no objections to its continued use for three years after the second deed was executed. *Held*, (1) that under the express language of the second deed, construed in connection with the first deed, the gas company had the right to continue the use of the telephone line after the execution of the second deed; and (2) that even if the language of the second deed was doubtful, the surrounding circumstances and the conduct of the parties showed that it was the intention of the grantor in the second deed to continue in the grantee the right to maintain the telephone line.

2. Where the language of a deed is doubtful, its terms are to be construed in the light thrown on them by the situation of the parties, the circumstances and relation to the property in regard to which they have negotiated, and the necessities for which they would probably provide.

3. In construing an ambiguous contract the conduct of the parties in relation to such contract is to be considered.

Argued May 2, 1913.   Appeal, No. 199, April T., 1913, by defendant, from decree of C. P. Allegheny Co., April T., 1912, No. 905, on bill in equity in case of Equitable Gas Company v. Katie A. Limegrover, and George Limegrover.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Bill in equity for an injunction.

SWEARINGEN, P. J., found the facts to be as follows:

1. The Equitable Gas Company is a corporation under the laws of Pennsylvania, having its principal office in the city of Pittsburg, Allegheny county, Pennsylvania. It is now, and has been for many years past, engaged in the business of producing, dealing in, transporting, storing and supplying natural gas to such consumers in said county of Allegheny as have desired the same and as have been within convenient connecting distance of its pipe lines.

2. James M. Johnston, Sr., of Penn township, in the said county of Allegheny, by his deed dated April 11, 1889, in consideration of $400 to him paid and the stipulations and covenants contained in said deed, granted and conveyed unto the Equitable Gas Company, its successors and assigns, the right for a period of fifteen years from said date, to lay and maintain a pipe line, with the necessary appurtenances for the same, for the transportation of oil or gas or other volatile substances through and across his lands, to wit, a farm situated in Penn township aforesaid, bounded by lands of John Fisher, Limegrover Brothers and others, containing twenty-five acres, 116 perches, more or less; said line to run from a point on the line of Mrs. Bright's land near Sandy Creek Road to the line of John Fisher's land, the distance being about seventy-eight rods. In said deed it was stipulated that the space occupied by said pipe line across said lands, when laid down, should not exceed ten feet in width; that the pipe should be buried at least two feet below the surface, except where the erection of trestles should be necessary, the right to erect the same being thereby given; and that the telegraph or telephone line to be erected and maintained on poles, "and which is hereby considered a necessary appurtenance," should be erected directly at the side of the said pipe line.

A copy of said deed, marked exhibit "A," is attached to the plaintiff's bill.

3. Shortly after the execution and delivery of the deed mentioned in findings of fact 2, the Equitable Gas Company constructed and has since maintained its pipe line and, in conjunction therewith, a telephone line over and across said farm of James M. Johnston, Sr., upon the location specified in said deed and in accordance with the other provisions and stipulations thereof.

4. Within a short time after the delivery of said deed mentioned in findings of fact 2, the portion of said land through which said pipe line was constructed was conveyed by the said James M. Johnston, Sr., to the mother of George Limegrover, one of the defendants. About the year 1891 the land last aforesaid mentioned became vested in the defendants herein named, and they have since owned the same, and have since also resided thereon, with the exception, however, of two years, from 1907 until 1909, when they were absent therefrom.

5. By their deed dated September 30, 1904, and of record in the recorder's office of said county of Allegheny, in Deed Book, vol. 1338, page 552, the defendants, for the consideration of $1,000, granted and demised unto the Equitable Gas Company, its successors and assigns, the perpetual right to have and maintain its pipe line for the conveyance of gas over and upon said land "as now laid down upon said premises, entering from a point on line of Mrs. Bright's land, near Sandy Creek Road, and running thence to line of John Fisher's land, being the same line that was laid down under right of way given by James M. Johnston, Sr., dated April 11, 1889, the said right of way having expired by limitation of term April 11, 1904; the length of said line being seventy-eight rods, more or less.

A copy of said deed marked exhibit "B" is attached to the plaintiff's bill.

6. The said telephone line, constructed and maintained by the Equitable Gas Company at the side of

said pipe line, is convenient for the proper operation of the pipe line. Its maintenance enables the plaintiff to ascertain any breaks in the pipe line and any leakages therein promptly, and to correct the same. But such a telephone line is not essential to the operation of a pipe line. From about April 11, 1889, until the present time, the plaintiff has maintained said telephone line as aforesaid, with the full knowledge of the defendants since they acquired the title to said land in 1891. In 1904, when said deed, exhibit "B," was executed, and during the negotiations leading thereto, the pipe line of the plaintiff across the defendants' farm was part of a transportation line leading from the city of Pittsburg through the defendants' land and Sandy Creek to Verona and Logans Ferry, and thence across the Allegheny river to connect with the main transportation line of the Philadelphia company from Armstrong county, the source of supply, and was used by the Philadelphia Company to transport gas from its source of supply in Armstrong county and other places to its customers in the city of Pittsburg. The telephone line in question was, and since has been, in constant daily use in the operation of this pipe line for the purpose of reporting pressures, communicating location and causes of trouble in the pipe line, and otherwise enabling the operating department of the company to keep in constant touch with its transportation lines and source of supply. This telephone line, when said deed, exhibit "B," was made, and during the negotiations leading thereto, consisted of two wires strung upon four poles, which were located on the farm of the defendants, and was well known to the defendants as being a telephone line used by the plaintiff in connection with the operation of its pipe line.

7. The defendants made no objection whatever to the plaintiff's use of said telephone line as aforesaid, until in 1907, when Mrs. Limegrover went to the office of the plaintiff and protested about the use of said poles. This was about the time the defendants went west.

254   EQUITABLE GAS CO. *v.* LIMEGROVER, Appellant.

Statement of Facts—Opinion of the Court.   [54 Pa. Superior Ct.

After their return from the west in 1909, Mrs. Lime-grover again went to the office of the plaintiff and objected to the maintenance of said poles and demanded a settlement for the same.   But the poles were not removed and the use, of the telephone line, as theretofore, continued with the knowledge of the defendants. They made no further efforts and took no other steps to procure the removal of the line, until the events occurred mentioned in findings of fact 8.

8. On January 20, 1912, the defendants notified the Equitable Gas Company that the poles and wires constituting said telephone line must be removed from the land of the defendants on or before six o'clock P. M., Monday, January 22, 1912, or that they would remove the said line at the expense of the plaintiff.   Thereupon this bill was filed.

*Error assigned* was decree awarding injunction restraining the defendants from removing the telephone poles and wires.

*Samuel J. Graham,* for appellants.

*Wm. M. Robinson,* with him *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY HENDERSON, J., July 16, 1913:

The rights of the parties to this proceeding under the grant of the defendants dated September 30, 1904, are to be determined in the light of the prior grant to the plaintiff by James Johnston, Sr., dated April 11, 1889, for the reason that the defendants' grant makes express reference thereto in describing the extent of the plaintiff's privilege.   Under the Johnston deed the plaintiff acquired "the right to lay down and maintain a line of pipe with the necessary appurtenances for the same for the transportation of oil or gas or other volatile substances over the land of the grantor" on a line marked on the ground,

the space occupied by the pipe line when laid down not to exceed ten feet in width, however, and seventy-eight rods long. Permission was expressly given to erect and maintain telegraph or telephone poles which were declared to be a necessary appurtenance. The right of way thus granted was to continue for fifteen years. The defendants became the owners of the land soon after this right was acquired and were the owners at the expiration of the fifteen years' period. On the termination of the right the plaintiff and the defendants entered into negotiations for a new contract and the deed of September 30, 1904, was the result of the negotiation. That deed recognizes the presence of the pipe line over the land and describes the subject of the grant as the right "to have and maintain its pipe line for the conveyance of gas over and upon that certain tract of land in Penn township, Allegheny county, Pennsylvania, bounded by lands of John Fisher, Limegrover Brothers, and others as now laid down upon said premises, entering from a point on line of Mrs. Bright's land, near Sandy Creek road and running thence to line of John Fisher's land, being the same line that was laid down under right of way given by James M. Johnston, Sr., dated April 11, 1889, the said right of way having expired by limitation of term." The Johnston deed included the telephone line as a necessary appurtenance. When, therefore, the grant of the defendant refers to the subject of the grant as being "the same line that was laid down under a right of way given by James M. Johnston, Sr.," the reasonable construction of the language is that the concessions granted by Johnston were renewed by the defendant. That is, the easement theretofore granted included as a necessary part in the contemplation of the parties a telephone and telegraph line, and for this the "said right of way" was given by Johnston and this is what the defendants continued by their deed. We regard it as reasonably clear under the language of the grant in the light of the Johnston deed that the privileges which the plaintiff enjoyed under the

latter conveyance were to be continued by force of the new deed. The defendants contend that the case is to be disposed of by a consideration of the terms of their grant and that it makes no reference to a telephone or telegraph line. This would be a convincing reason but for the connection of their deed with the Johnston deed. Reading the two together we cannot avoid the conclusion that by the terms of the deed the plaintiff acquired the same right as to the telephone and telegraph lines which it had under the prior grant. The thing granted was a right of way for that which was "laid down" under the right given by Johnston, which had expired by limitation, the right of way referred to being the easement acquired by the plaintiff under the Johnston deed. If the defendants' deed does not demand this construction then its meaning is doubtful and the principle should apply that its terms are to be considered in the light thrown on them by the situation of the parties, the circumstances and relations of the property in regard to which they have negotiated and the necessities for which they would probably provide, as illustrated in Meigs v. Lewis, 164 Pa. 597; Moore v. Ins. Co., 199 Pa. 49; Thatcher v. West Chester St. Ry. Co., 35 Pa. Superior Ct. 615. The situation of the plaintiff, the character of its business and the importance of the telephone line in the successful management of that business make it highly improbable that in negotiating for the continuance of its right of way no account would be taken of the telephone line. The defendants knew of the line and the use made of it and no objection was made at the time the deed was delivered to the continued presence of the poles on the land. It is not easy to believe that they had any other thought than that the plaintiff was to remain in the enjoyment of the rights which it got from Johnston. Another circumstance to be considered is that no objection to the continued use of the telephone line was made by the defendants until about three years after they made the grant. It is a well-established principle that the conduct

of the parties is to be considered in construing an ambiguous contract and the silence of the defendants for so long a time with knowledge of the daily use of the line gives complexion to the meaning of the parties. No evidence was offered by the defendants in support of the averment in the eighth paragraph of the answer that it was the purpose of the defendants to use the telephone line for other purposes than those connected with its gas business and that subject need not be further considered than to say that the plaintiff has not shown any right to make any other use of the line than as an appurtenance to the gas line in the business of supplying gas. Careful consideration of the case satisfies us that it was rightly decided by the learned trial judge.

The decree is affirmed.