**RUHLIN et al. v. NEW YORK LIFE INS. CO.**

No. 7097.

Circuit Court of Appeals, Third Circuit.

Nov. 1, 1939.

Margiotti, Pugliese, Evans & Buckley, John E. Evans, Sr., Sachs & Caplan, and Charles H. Sachs, all of Pittsburgh, Pa., for appellants.

William H. Eckert, and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This case involves the question whether the incontestability clause appearing in five of plaintiff's life insurance policies issued to John G. Ruhlin bars the plaintiff from obtaining rescission of the disability and double indemnity provisions of the policies because of fraud practiced by Ruhlin in their procurement. The incontestability clause in controversy is as follows:

"Incontestability.—This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

The plaintiff filed its bill in the district court for the Western District of Pennsylvania February 14, 1935, seeking to rescind the disability and double indemnity provisions in the five life insurance policies in question and to enjoin the insured from prosecuting an action in the state courts to recover disability benefits. Ruhlin, the insured, and his wife and children, the beneficiaries under the policies, were joined as defendants.

The district court granted a preliminary injunction restraining the defendants from proceeding with the state suit. Subsequently the defendants' motion to dissolve the injunction and dismiss the bill was overruled, which action was affirmed by this court on appeal. 3 Cir., 93 F.2d 416. The Supreme Court allowed a writ of certiorari (302 U. S. 681, 58 S.Ct. 408, 82 L.Ed. 526) because of the conflict of our decision with those of other circuit courts of appeals. Thereafter the Supreme Court announced its opinion in Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487, and shortly afterward handed down its opinion in the present case, 304 U. S. 202, 58 S.Ct. 860, 82 L.Ed. 1290. It held that the rule of the Tompkins case was applicable to suits in equity involving the construction of insurance policies and accordingly vacated the judgment and remanded the case to the district court for decision in accordance with the applicable state law.

After the return of the mandate from the Supreme Court the district court permitted the amendment of the bill to set forth the specific facts necessary to determine which state's law applied. The defendants moved to dismiss the bill as amended and to dissolve the injunction. These motions were overruled by the district court. 25 F.Supp. 65. The defendants then filed their answer and the case went to trial on the merits. The district court found as a fact that Ruhlin in his applications had made false answers to questions material to the risk in that he had stated that he had never consulted a physician for or suffered from any disease of the heart, whereas in fact for many years previously he had suffered from and had been treated for heart trouble, myocarditis and a decompensating heart. The court held the provisions for disability and double indemnity benefits invalid because of this fraud and entered a decree directing reformation of the policies by deleting them. Defendants have appealed from that decree.

The defendants asserted in the district court and argue here that the incontestability clause in the policies operates to bar the plaintiff from averring the invalidity of the disability and double indemnity provisions of the policies. The district court construed the incontestability clause which we have quoted as not to be applicable to those portions of the policies which provide for the payment of disability and double indemnity benefits. Under the rule laid down by the Supreme Court in its opinion in this case that construction of the policies must be made which accords with the applicable state decisions. Consequently in order to determine whether the construction placed upon the clause by the district court is right the state or states whose law is to be applied must first be determined. The decision of this question in turn depends upon a consideration of the facts with regard to the issuance of the policies which will now be recounted.

Five life insurance policies are involved, Nos. 10,452,365 and '66 issued December 1, 1928, and Nos. 11,165,728, '29 and '30 issued July 7, 1930. The application for the first policy, No. 10,452,365, was signed by Ruhlin in Pennsylvania and at the same time he paid the first premium called for by the policy to the plaintiff's agent in Pennsylvania. The application was mailed to the plaintiff's home office in New York where it was accepted and the policy written in accordance therewith. The policy was afterward mailed to the plaintiff's agent in Pennsylvania by whom it was delivered by hand to Ruhlin in Pennsylvania. Policy No. 10,452,366 was written at the plaintiff's home office in New York pursuant to an addition there made to the application for the first policy. It

was mailed from the plaintiff's home office to its agent in Pennsylvania. The latter delivered it by hand to Ruhlin who accepted it and paid the first premium thereon. The application for the three remaining policies was signed by Ruhlin in Ohio, who at the same time paid to the plaintiff's agent in Ohio the first premium called for by the three policies. The application was mailed to the plaintiff's home office in New York where it was accepted and the three policies written in accordance with it. The three policies were then mailed to the plaintiff's agent in Ohio who delivered them by hand to Ruhlin in that state.

The application for each of the policies contained the following clause: "It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination; provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for in Questions 2 and 3 and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto, and if the Company, after medical examination and investigation, shall be satisfied that the applicant was, at the time of making this application, insurable and entitled under the Company's rules and standards to the insurance, on the plan and for the amount applied for in Questions 2 and 3, at the Company's published premium rate corresponding to the applicant's age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the applicant or not."

■ It is a general rule that the construction of an insurance contract is governed by the law of the state where the contract was made. Northwestern Life Ins. Co. v. McCue, 223 U.S. 234, 32 S.Ct. 220, 56 L.Ed. 419, 38 L.R.A.,N.S., 57. The contract is made where the last act legally necessary to bring it into force takes place. In most cases, as in the case of the second policy (No. 10,452,366) here involved, this last act is delivery of the policy to the in-sured and the payment of the first premium by him. Consequently most of the authorities have held, as we hold in the case of the second policy, that life insurance policies are made in the state of delivery and consequently are governed by the laws of that state. Indeed the express language of the stipulation appearing in the application which we have quoted makes clear that this is so when the first premium is not payable until delivery. This rule does not apply to the four remaining policies involved in this case, however, in view of the fact that the insured had made advance payment of the first premiums with his applications. By the very terms of the proviso contained in the same stipulation in the applications these policies, immediately upon the acceptance of the applications, came into force from the time of application "whether the policy be delivered to and received by the applicant or not." Since this acceptance took place in New York their interpretation must be governed by the laws of that state. Hardiman v. Fire Ass'n of Phila., 212 Pa. 383, 61 A. 990; Wastun v. Lincoln Nat. Life Ins. Co. of Ft. Wayne, Ind., 8 Cir., 12 F.2d 422; Metropolitan Life Ins. Co. v. Cohen, 2 Cir., 96 F.2d 66.

■ Turning to the law of New York we find that it has been squarely ruled by the appellate courts of that state that an incontestability clause substantially in the form involved in this case does not apply to the disability and double indemnity provisions of the policy. Steinberg v. New York Life Ins. Co., 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642; Manhattan Life Ins. Co. v. Schwartz, 274 N.Y. 374, 9 N.E.2d 16; Equitable Life Assur. Soc. v. Kushman, 276 N.Y. 178, 11 N.E.2d 719. We are likewise satisfied, as we indicated in our prior opinion in this case, that the law of Pennsylvania is the same. In Guise v. New York Life Ins. Co., 127 Pa.Super. 127, 191 A. 626, the Superior Court of Pennsylvania had before it a case involving an insurance policy having substantially the same form of incontestability clause as is here involved. The action had been brought by the insured to recover disability benefits. One of the defenses was that the plaintiff's answers to the questions in the applications relative to his health were false and fraudulent. At the trial the defendant offered evidence tending to prove that the answers were false and it was objected to by the plaintiff on

the ground that the incontestability clause excluded the defense. The trial judge admitted the evidence and his action in so doing was approved by the Superior Court. Speaking for that court, Judge Cunningham said (127 Pa.Super. page 133, 191 A. page 628): "During the course of the trial counsel for appellee questioned the right of appellant to inquire into 'matters relating to things prior to the issuance of the insurance policies' in view of the 'incontestability clause' in each. The learned trial judge, Davison, P. J., specially presiding, correctly ruled that the incontestability clauses did not apply 'to the provisions and conditions relating to disability * * * benefits.' An examination of the clauses discloses that the disability provisions of the policies are expressly excluded from their operation."

It is true that the Superior Court affirmed the judgment which had been entered on the verdict rendered in favor of the plaintiff but it is clear from the court's opinion that the question now before us was raised, considered and passed upon. In Kramer v. Mutual Life Ins. Co., 130 Pa.Super. 85, 196 A. 614, the court reaffirmed its view that such an incontestability clause has no application to the disability provisions in a policy. The same conclusion was reached by the Court of Common Pleas of Mercer County in Mutual Life Insurance Company of New York v. McConnell, et ux., 20 Pa. Dist. & Co. R. 250, where the very point now before us was in issue. The only decision in Pennsylvania to the contrary is New York Life Ins. Co. v. Thomas, 27 Pa. Dist. & Co. R. 215, a case decided by the Court of Common Pleas of Luzerne County. In the light of the opinions of the Superior Court to which we have referred this case cannot be regarded as determinative of the law of Pennsylvania. Our conclusion is that under the law of Pennsylvania, as well as that of New York, the incontestability clauses in the policies here involved may not be construed to bar the plaintiff from securing the cancellation of the disability and double indemnity provisions because of their invalidity.

Our duty as laid down by the Supreme Court in this case is limited to the determination of the applicable law of New York and Pennsylvania. We cannot refrain, however, from expressing our agreement with the conclusions reached by the courts of those states. To us the language of the incontestability clause seems sufficiently clear. Excepted from the clause are the provisions of the policy relating to disability and double indemnity benefits. The most important of these provisions surely are those which create the obligation to pay disability and double indemnity benefits. The contention of the defendants leaves these provisions entirely out of account. They would construe the clause as though the exception referred only to the conditions of coverage of these benefits. So construed the clause would be well nigh meaningless since the two year limitation could hardly be applied to conditions of coverage which obviously might become applicable at some later time during the life of the policy.

The defendants also urge that the district court erred in permitting the plaintiff to show the falsity of Ruhlin's answers to the application because, as they allege, the copies of the applications attached to the policies did not comply with the law and were, therefore, not available to the plaintiff in support of its case. One of the grounds alleged in support of this contention is that the copies of the applications attached to the first two policies were incomplete because they did not contain the declaration of the insured that the first premium had been paid by him to the plaintiff's agent. We think that there is no merit in this contention, since these declarations, while attached to the application for the insurance, were not a part of it. They were, therefore, not within the purview of the statutory provisions which require copies of the application to be attached to the policy. The defendants' other ground is that the photostatic copies of the applications attached to the policies did not comply with the law because they were reproduced in too small type. This contention is equally without merit since the copies were clearly legible. Enelow v. New York Life Ins. Co., 3 Cir., 83 F. 2d 550, 105 A.L.R. 493, certiorari denied 298 U.S. 680, 56 S.Ct. 948, 80 L.Ed. 1401; Adamos v. New York Life Ins. Co., D.C., 22 F.Supp. 162, affirmed, 3 Cir., 94 F.2d 943.

The defendants finally contend that the plaintiff had no power under Section 410 of the Pennsylvania Insurance Company Law of 1921, 40 P.S.Pa. § 510, to except the disability and double indemnity provisions from the incontestability clause which that section requires to be inserted

in policies of life or endowment insurance. It is a sufficient answer to this contention, however, to point out that the provisions of the section by their terms relate only to policies of life and endowment insurance. They, therefore, do not apply to provisions for disability and double indemnity benefits even though the latter are superimposed upon a life or endowment policy. Kramer v. Mutual Life Ins. Co., supra.

The decree is affirmed.