

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 16, 1947

Hon. C. A. Pounds
County Attorney
Chambers County
Anahuac, Texas

Opinion No. V-457

Re: Applicability of H. B. 785,
50th Legislature (Article
3912e-12, V. C. S.) to
Chambers County in the
event the Commissioners'
Court places the county
officials on a salary
basis in 1948.

Dear Sir:

You have requested this office to determine whether Chambers County will come within the provisions of H. B. 785, 50th Legislature, (Art. 3912e-12, V. C. S.) in the event the Commissioners' Court of Chambers County determines in 1948 that the county officers shall be compensated on a salary basis.

Article 3912e-12 is applicable to "all counties of this State having a population of less than twenty thousand (20,000) according to the last preceding Federal Census, and in which counties the Commissioners' Courts have determined that the county officials shall be compensated on a salary basis."

According to the above quoted provisions, two conditions must exist in order for a county to come within the provisions of H. B. 785. First, the County must have a population of less than twenty thousand; and, second, its county officials must be compensated on a salary basis. Chambers County has a population of 7,511 inhabitants according to the 1940 Federal Census. Therefore, it is the Commissioners' Court's duty at its first regular meeting in January to determine whether the county officials are to be compensated on a salary or fee basis. (Art. 3912e, Sec. 2). Thus, the question presented in your inquiry is whether the Legislature intended the provisions of Article 3912e-12 to be applicable only to those counties under 20,000 whose officials were compensated on a salary basis prior to the enactment of H. B. 785 or whether the Legislature in-

tended it to apply equally to all counties under 20,000 whose county officials are placed on a salary basis subsequent to the enactment of H. B. 785.

The Tennessee Supreme Court in the case of Baker v. Donnegan, 52 S. W. (2d) 152, construed a similar provision in a Tennessee statute. It was held that the phrase "wherein such county or counties shall have entered into an agreement" contemplated "an agreement entered into by a county or counties after the enactment of a statute."

Legislative intention is presumed to be according to what is consonant with sound reason and good discretion. Kopecky v. City of Yoakum, 35 S. W. (2d) 492, affirmed 52 S. W. (2d) 240. Also, a statute will be construed with reference to the entire body of law existing at the time of its enactment. 39 Tex. Jur. 252.

As pointed out above, Article 3912e, Section 2, requires the Commissioners' Court at its first regular meeting in January to determine whether county officers are to be compensated on a salary basis. It is our opinion that the Legislature did not intend for H. B. 785 to be applicable to only those counties under 20,000 whose Commissioners' Court placed in 1947 its officers on a salary basis. On the contrary, we believe that the Legislature intended H. B. 785 to apply also to all counties under 20,000 whose officials are placed on a salary basis subsequent to the enactment of said bill.

## SUMMARY

H. B. 785, 50th Legislature (Art. 3912e-12, V. C. S.) relative to salaries of county officials in counties under twenty thousand (20,000) population, will be applicable to Chambers County in the event the Commissioners' Court passes an order in its first regular meeting in January, 1948, placing the county officers on a salary basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL
JR:mw

By *John Reeves*

John Reeves
Assistant