QUEEN INSURANCE COMPANY OF AMERICA v. CHADWICK.

No. 1535.

**Insurance—Premises Vacant.**
    The legal effect of a clause in a policy of fire insurance avoiding the policy if the premises are vacant for ten days is not waived by reason of knowledge on the part of the insurer that they are vacant at the time the policy issued.

APPEAL from District Court, Morris County. Tried below before Hon. JOHN L. SHEPPARD.

*Whittaker & Bonner*, for appellant.—The policy provides that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." This condition is binding upon the insured, and if the premises are left vacant or unoccupied beyond the period of time mentioned, within the meaning of the terms of the policy, no recovery can be had upon the policy. Ins. Co. v. Kempner, 27 S. W. Rep., 122; Ins. Co. v. Long, 51 Texas, 91; Ins. Co. v. White, 3 Texas Civ. App., 197; Sun Fire Office v. Hodges, 3 Texas Civ. App., 268; Ins. Co. v. Smith, 3 Texas Civ. App., 281.

Even though, at the time of the application for the policy of insurance and the issuance thereof, the premises were vacant and unoccupied, yet, if they once became occupied after insurance, the condition as to vacancy takes effect, and if the agent, on knowing of a vacancy occurring after issuance merely remains silent, the company is not estopped, and the policy is null and void by reason of such vacancy. Ins. Co. v. Dunbar, 26 S. W. Rep., 628; 1 May on Ins., sec. 240.

*J. M. Moore*, for appellee.—If the premises insured were vacant when the insurance was issued, and the company was aware of the vacant condition of the premises, it will be deemed to have waived the vacancy clause in the policy, and estopped from setting up "vacancy of the premises" as a defense to a suit on the policy. Ins. Co. v. Ende, 65 Texas, 118; Ins. Co. v. Ward, 26 S. W. Rep., 763; Ins. Co. v. Malevinsky, 6 Texas Civ. App., 81; Jordan v. Ins. Co., 64 Iowa, 216; Bennett v. Ins. Co., 106 N. Y., 243; Vanderhoff v. Ins. Co., 46 Hun. (N. Y.), 328; Height v. Ins. Co., 92 N. Y., 51; 11 Am. and Eng. Ency. of Law, 336.

If the house was vacant when insured and defendant knew it and issued the policy and received the premium, then plaintiff had the right to leave it vacant any part of or all the time it was covered by the policy, and because plaintiff occupied it in person and by tenant a portion of the time and left it vacant, did not cause the "vacancy clause" to attach in favor of defendant. Bennett v. Ins. Co., 106 N. Y., 243.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—This is a suit upon a fire in-surance policy, issued by appellant upon a dwelling house owned by appellee. The amount of the policy is $500, for which amount judg-ment was rendered for appellee. The policy contains the following stip-ulation: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if a building herein de-scribed, whether intended for occupancy by owner or tenant, be or be-come vacant or unoccupied and so remain for ten days."

The plaintiff testified as follows: "That about the 7th day of January, 1893, he made application for the policy sued upon. That said house was vacant at the time, and that the agent taking the application examined said premises in its vacant condition and knew that it was vacant. That said house was still vacant when said policy was delivered and the pre-mium paid, which facts were known to the agent of defendant who took the application, delivered the policy and received the premium. That about twenty days after the issuance of 'said policy he moved with his family in said building and occupied it as his residence until about the first of October following, or about seven months. That he then moved out and the property was occupied for about two weeks by a tenant, who then moved out, and the property was vacant from that time until it was destroyed by fire, on the night of the 15th of December, 1893, at which time said property was totally destroyed by fire."

It was not shown that appellant had, in the manner designated in the clause of the policy above quoted, nor otherwise, waived the legal effect of said clause, unless it be that the issuance of the policy and acceptance of the premium, with knowledge of the fact that the house was vacant, produced that result. On this subject appellee's attorney cites and re-lies upon Bennett v. Agricultural Ins. Co., 106 N. Y., 243. In that case the policy stipulated: "If the dwelling house or houses hereby in-sured shall cease to be occupied by the owner or occupant in the usual and ordinary manner in which dwelling houses are occupied as such, or be so unoccupied at the time of effecting insurance, and not so stated in the application, then, and in every such case, or in either of said events, this policy shall be null and void until the written consent of the home office is obtained."

It was proved that in response to a question propounded by the agent who took Bennett's application, the latter stated that the house was un-occupied, but said agent, who undertook to write down his answers, untruly represented him as stating in the application that the house was occupied as a residence by a tenant; and the court reformed the applica-tion so as to make it show that the building was not occupied at the time the policy was issued. In deciding the case the Court of Appeals said: "The defendant bases his contention upon the first of the conditions above quoted. It is plain, we think, that this condition was intended to protect the company against an increase of risk, by leaving premises va-cant which were occupied at the time the insurance was effected, and that it has no application to a risk taken on an unoccupied dwelling

house.   The cost of insurance is regulated by the hazard, and when the company insure a vacant building, it charges an equivalent for its undertaking, and if the contract contains no provisions limiting the vacancy, it may continue during the whole time of the policy and the premium presumably covers the risk.   The condition in question imposes no obligation upon the owner of a dwelling house, insured as vacant property, to occupy it for any period during the running of the policy, and it must be conceded that if the plaintiff had permitted the house to remain vacant during the whole time after the policy was issued, to the fire, there would have been no defense founded upon the condition in question.   The claim is that the plaintiff, having voluntarily put a tenant in possession, although he was not bound to do so, could not, thereafter, terminate the tenancy without forfeiting the insurance.   We think this construction of the condition is not admissible."

There is an important distinction between that case and the case at bar.   In the Bennett case the house was insured as a vacant house, and the policy placed no limitation upon the vacancy.   In this case the policy permits a vacancy not to exceed ten days.   By the terms of the policy, it is not the mere fact of a vacancy that renders it void, but to have that result the vacancy must continue for ten days.   Hence there was no inconsistency between the terms of the policy and the fact of the house being vacant and appellant knowing of such vacancy at the time the policy was issued.   It might have remained unoccupied for nine days without contravening any provision of the policy; but by the very terms of that instrument, when it remained vacant for ten days, the policy was void.   Therefore we conclude that the vacancy clause in the policy involved in this case was not waived, but remained in full force; and, as the uncontroverted testimony given by appellee, shows that the house was vacant for more than ten consecutive days after the policy was issued, the judgment of the court below will be reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

Decided April 8, 1896.

Writ of error refused.