MARY A. CHAMBERLAIN, Administratrix of JOSEPH V. CHAMBERLAIN, Respondent, v. THE BRITISH-AMERICAN ASSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 23, 1899.

**Insurance Policy Prohibition**: WAIVER OF PROVISIONS FOR FORFEITURE: ESTOPPEL. In the case at bar the agent who issued the policy was fully aware that the building was unoccupied when he delivered the contract of insurance and by so doing it may be inferred that he intended to waive the provision avoiding the policy in case the premises were vacant or unoccupied for ten days.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

A. & J. F. LEE for appellants.

The instruction of nonsuit should have been given, as the policy provided it should be void if the building containing the insured property was unoccupied for ten days, and the testimony of plaintiff established it was unoccupied for that time. Cook v. Ins. Co., 70 Mo. 610; Craig v. Ins. Co., 34 Mo. App. 484; Norman v. Ins. Co., 74 Mo. App. 460. Instruction given for plaintiff was erroneous because it ignored the restriction the policy placed on the power of the agent to make any

waiver of any of the provisions or conditions of the policy, and because there was no evidence to support it.     Hausen v. Ins. Co., 66 Mo. App. 29; Sprague v. Ins. Co., 49 Mo. App. 423; Wolff v. Ins. Co., 75 Mo. App. 337; Barnes v. Ins. Co., 30 Mo. App. 539; Mensing v. Ins. Co., 36 Mo. App. 602.

No brief filed for respondent.

BOND, J.—This suit is for damages for household furniture covered by defendant's policy, which was destroyed by fire.     The only defense made in the answer is that the premises became vacant or unoccupied for ten days contrary to the provisions of the policy.     The reply set up a waiver by the issuance of the policy with knowledge that the house was to be repaired before it could be occupied by the assured.     Plaintiff had judgment, and defendant appealed, and complains of the refusal of the court to direct a verdict for defendant, and of the instructions given by it at plaintiff's request.

The policy was issued June 26, 1894, and while containing the provisions set up in the answer, it also expressly authorized the making of additions, alterations and repairs to the dwelling containing the insured property.     The evidence shows that the house was undergoing repairs and alterations consequent to a change of its location from June 11, 1894, to August 28, 1894, when it was destroyed by fire; that the furniture and effects covered by the policy were in the house during the whole of this period; that the assured and his wife slept at her father's house, one hundred yards distant, during the process of repairing their own dwelling, but that the wife visited the latter constantly and was in the habit of taking her lunch and doing her sewing in the house, as well as entertaining her friends therein, and that she personally superintended the moving of the furniture from one room to another, which was necessitated by the progress of the repair work.

The policy in question was that of a non-resident corpora-

tion issued by its resident agent at St. Louis.    Upon this state
of facts the trial court was justified in overruling defendant's
demurrer to the evidence for two reasons:    First, the express
authority to repair and alter the building given by the policy,
which was issued more than two weeks after such work began,
must be presumed to have been granted to meet the conditions
existing at the time, and as the grant of a right or power to do
a thing necessarily includes the use of means to accomplish the
end in view, the permission given in the policy to repair and
alter the building involved a right to adopt the methods rea-
sonably sufficient for that purpose, and as the building was not
tenantable during certain stages of the repair work the assured
was excused from occupying it until it became fit for habita-
tion, and the language of the policy justifies the conclusion
that this was the intention of the parties.    The second reason
justifying the action of the trial court is that the facts in evi-
dence warranted an inference that the agent who issued the
policy was fully aware that the building was unoccupied when
he delivered the contract of insurance, and by so doing in-
tended to waive the provision avoiding the policy in case the
premises were vacant or unoccupied for ten
WAIVER.                  days.    That such an agent may by his agree-
ments, acts or conduct waive the provisions for
its forfeiture contained in a policy of insurance and estop his
non-resident principal from enforcing such forfeitures, is now
the settled law in this state.    Nickell v. Ins. Co., 144 Mo. loc.
cit. 432; McCullum v. Ins. Co., 67 Mo. App. loc. cit. 80, 81,
and cases cited; Union Trust Co. v. Ins. Co., Appellate Re-
porter, April 5, 1899, page 433; Harness v. Ins. Co., 67 Mo.
App. 410.    As the objection to the instruction given for plain-
tiff is based upon the assumed incapacity of the agent to waive
the policy prohibition against a cesssation of occupation of the
building for ten days, and also upon the assumed want of evi-
dence of such waiver, it follows from the preceding discussion

that the court did not err in giving the instruction complained of by appellant. The judgment is therefore affirmed. All concur.