ALBION K. GUPTILL et al.

*vs.*

PINE TREE STATE MUTUAL FIRE INSURANCE COMPANY.

Hancock.   Opinion September 30, 1912.

*Application.    Agent.    Assent.    Avoidance.    Contract.    Loss.    Material misrepresentation.    Policy.    Occupancy.    Vacancy.    Unoccupied. Verdict.    Warrant.    Waiver.*

Where there is evidence upon which the jury is warranted in finding that the fact of non-occupancy was known to defendant's agent who procured the application for a policy of fire insurance, the agent's knowledge must be deemed to be the knowledge of defendant and all misdescription regarded as waived (R. S., Chap. 49, Sec. 93) and the policy issued upon such application is not void by reason of false representation.

Where an application for renewal of a policy of insurance is signed in blank by the insured and subsequently filled out by the agent of the insurer, the act of the agent is that of the insurer.

A motion for a new trial on the ground of excessive damages will not be granted when the court finds in the verdict, viewed in the light of the evidence, no indication of bias, prejudice or improper motive on the part of the jury.

On motion.   Overruled.

This is an action on a policy of insurance against loss by fire. Plea, the general issue, and brief statement in substance as follows:

1.   That the plaintiffs at time of the application for the policy of insurance warranted that the buildings sought to be insured by the policy declared upon in plaintiffs' writ were occupied by a tenant, when, in fact, the premises were not so occupied by a tenant, and such non-occupancy rendered the policy, according to the terms of the contract for insurance, void ab initio.

2.   That the plaintiffs, at the time of the application for the policy, warranted that the value of the buildings sought to be insured to be greatly in excess of their true value.

3.  That the buildings insured by said policy were vacant without the assent in writing of the Company and so remained vacant for more than thirty days.

4.  That the title to the buildings insured at time the policy was issued was not in the plaintiffs.

. Verdict for plaintiff for $952.05. The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*G. B. Stuart,* for plaintiff.

*W. C. Conary,* for defendant.

SITTING: WHITEHOUSE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON, JJ.

BIRD, J.   An action on a policy of insurance against loss by fire. The jury found for the plaintiff, assessing the damages at $952.05, and the defendant filed a general motion for new trial. In support of its motion defendant urges three grounds which will be considered in order.

First: that the insured in their written application for insurance were guilty of a material misrepresentation as to the occupancy of the buildings insured. The original application alleges the buildings to be in occupation of a tenant. They were in fact unoccupied and remained so throughout the life of the policy. But the agent of defendant well knew the buildings were unoccupied when the application was made and it must be held that defendant waived the requirement and that the first policy was not invalidated: *Hilton* v. *Phoenix Ins. Co.,* 92 Maine, 272; *Bigelow* v. *Ins. Co.,* 94 Maine, 39, 45; R. S., c. 49, § 93. Nor is the result, in the absence of fraud, affected by plaintiffs' oral statement or promise as to occupancy subsequent to the making of the application; *Kimball* v. *Ins. Co.,* 9 Allen, 540. About the time of the expiration of the first policy, plaintiffs made application for its renewal. From this application it appears that plaintiffs represented the buildings as occupied by a tenant. The renewal was undoubtedly a new contract, *Jenkins* v. *Cor etc. Ins. Co.,* 171 Mo., 375. But it was claimed by plaintiffs that the blank renewal application, when signed by them, was not filled in and was after signature completed by defendant or its

agents.  The evidence was conflicting upon this point and we find no warrant for disturbing the verdict as to this finding.  The act of the agents of the corporation in filling out the application was that of the defendant: *Washburn* v. *Casualty Co.,* 108 Maine, 429, 434.

Second:  It is claimed that the policy was void for violation of the clause providing for its avoidance "If the said property hereby insured shall become vacant for more than thirty days by the removal of the owner or occupant, and so remain vacant for more than thirty days without" the assent of the defendant.  It is clear that the buildings were unoccupied at the date of the policy in suit and so remained until the loss which occurred some months later. But "it cannot be said that the house became unoccupied, because it is undisputed that it was unoccupied when the policy issued:" *Hilton* v. *Phoenix Ins. Co.,* 92 Maine, 272, 277.

Third:  The evidence as to the actual value of the buildings at the time of the loss was conflicting, that adduced by plaintiffs being considerably above the amount of the verdict and that offered by defendant being as much below.  We are, however, unable to find in the verdict, viewed in the light of the evidence, any indication of bias, prejudice or improper motive on the part of the jury.

The entry must be,

*Motion overruled.*