## NATIONAL UNION FIRE INS. CO. OF PITTSBURGH v. RICHARDS. (No. 301.)

(Court of Civil Appeals of Texas. Waco. Dec. 17, 1925.)

**1. Insurance &lbbar;323(2)—Stipulation that fire policy become void if property vacant held binding.**

Where fire policy provided it should become void if property remain vacant for 10 days, such policy became void when property was unoccupied from January 24 till March 10, and reoccupancy would not restore validity unless forfeiture was waived by insurer.

**2. Judgment &lbbar;251(1)—Waiver of provision in fire policy by insurer must be pleaded.**

In action on fire policy, with provision avoiding it if property was vacant for 10 days, where it was destroyed after being vacant for more than 10 days, judgment for insured could not be sustained on ground vacancy was waived by insurer, unless such waiver was pleaded.

**3. Judgment &lbbar;251(1)—Where case submitted on issue as to vacancy of insured property, judgment for insured on theory of waiver was improper.**

In action on fire policy, with provision avoiding it if property was vacant for 10 days, where jury, against plaintiff's contention, found it vacant from January 24 till March 10, it was error for court to render judgment for plaintiff on theory of waiver, since issue of waiver was not submitted to jury.

**4. Insurance &lbbar;309, 323(1)—Statute relative to voiding insurance policy held not to apply to contractual provision therein; vacancy provision not affected by statute.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 4947, 4948, relative to voiding insurance poli-

cies, do not apply to contractual relations and provisions of fire policy, and, where terms of policy provided it should be void if property was vacant for 10 days, such statute did not make a vacancy for that period immaterial.

**5. Trial ⬤➾121(2)—Showing policy in form prescribed by state commissioner held proper.**

Where fire insurance policy was attacked as unreasonable, technical, and obscure, it was legitimate for insurer's counsel, in his argument in reply to such attack, to refer to fact that policy was in form promulgated by state insurance commissioner under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4891, 4896.

**6. Insurance ⬤➾643(1)—Provision of entire policy need not be pleaded, where policy is in evidence.**

Where insurance policy was offered in evidence before jury, it was not necessary for plaintiff to plead entire provision of policy in connection with his supplemental petition.

**7. Trial ⬤➾351(5)—Refusal to submit issues not objectionable, where substance covered by other issues.**

Action of court in refusing to submit certain special issues was not objectionable, where substance thereof was given by court in special issues it did submit.

Error from District Court, McLennan County; Giles P. Lester, Judge.

Action by Ben C. Richards against the National Union Fire Insurance Company of Pittsburgh. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, and Witt, Terrell & Witt, of Waco, for plaintiff in error.

Williams, Williams, McClellan & Lincoln, of Waco, for defendant in error.

BARCUS, J. In January, 1923, plaintiff in error issued a three-year fire insurance policy, payable to defendant in error, on a tenant house in Waco. In September, 1924, the house was entirely destroyed by fire, and this suit was instituted to recover the face of said policy. Plaintiff in error claims it is not liable because the policy of insurance was written upon the building to be occupied by a tenant as a dwelling house, and not otherwise, and that thereafter, without its knowledge or consent, said property was rented and leased to a tenant as a rooming house, and thereby the hazard on said property was materially increased, which, under the terms of the policy, made same void. Appellant further claims not to be liable because, after the policy was issued, the property remained vacant for more than ten days, in violation of the provision contained in the policy that, if the building "be or become vacant or unoccupied, and so remain for ten days, the policy shall be void." The defendant in error denied that the property

remained vacant for as much as ten days, and specially pleaded that if the tenant converted same into a rooming house, it was without his knowledge or consent.

The cause was submitted to the jury on special issues. The jury found that the tenant in the property had used same as a rooming house, and found that such use increased the hazard. The jury also found that the defendant in error did not know the house was being used as a rooming house. The evidence is undisputed that, when the policy of insurance was issued, January 24th, the house was vacant and remained vacant until occupied by the tenant Chastain. The jury found that he moved into the house March 10th. Each party filed a motion requesting the court to enter judgment on the jury's findings. The court overruled plaintiff in error's motion and granted that of the defendant in error, and entered judgment in favor of defendant in error for the full amount of said policy, to which action of the court the plaintiff in error duly accepted and assigns error on said ruling.

[1] The policy of insurance sued upon provides that same shall be void if the property "be or become vacant or unoccupied and so remains for ten days." The Supreme Court of this state has held, where an insurance policy contains a clause providing that the policy shall become void if the property becomes vacant, that if a vacancy does occur the policy then becomes totally void, and that a reoccupancy of the premises does not restore the validity of the policy, unless the forfeiture was waived. East Texas Fire Insurance Co. v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 99; Queen Insurance Co. v. Chadwick, 13 Tex. Civ. App. 318, 35 S. W. 26; Insurance Co. v. Wicker, 93 Tex. 390, 55 S. W. 740.

[2, 3] Defendant in error contends that the judgment of the trial court should be sustained on the theory that the vacancy of the property for more than ten days was waived by the plaintiff in error. We have carefully examined the pleadings and testimony, together with the special issues submitted by the court, and do not think this position is tenable, for a twofold reason: (1) It is doubtful whether the defendant in error pleaded a waiver of the vacancy provision; (2) the issue of waiver was not submitted to the jury, and, where a cause is submitted to the jury on special issues on one or more theories, the trial court is not authorized to render a judgment on a theory entirely different to that submitted to the jury. Texas Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968; San Antonio Public Service Co. v. Tracy (Tex. Civ. App.) 221 S. W. 637; Kirby Lumber Co. v. Conn (Tex. Sup.) 263 S. W. 902. The defendant in error in his petition alleged that the property was

---

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not vacant for as much as ten days, and he offered testimony in support thereof, and the case was tried and submitted to the jury on that theory. It was error for the trial court to render judgment for the defendant in error, in view of the findings of the jury.

[4] Defendant in error further contends that, by virtue of articles 4947 and 4948 of Vernon's Sayles' Civil Statutes, the fact that the property remained vacant for more than ten days becomes immaterial, and would not defeat a recovery, since the evidence shows the property was not vacant when the fire occurred and the prior vacancy did not in any way contribute to or cause the fire. These articles do not apply to the contractual relations and provisions contained in a fire insurance policy. National Fire Insurance Co. v. Carter (Tex. Com. App.) 257 S. W. 531.

[5] Plaintiff in error complains of the action of the trial court in refusing to let its attorney, in his argument to the jury, state that—

"The printed part of the policy in suit was the form of policy prescribed by the state fire insurance commission of Texas, and that the defendant (plaintiff in error) did not and could not do anything further than fill in the blank parts of the policy; that it was in this way restricted in the kind of contract it could make with the assured."

The policy of insurance offered in evidence had printed on the cover thereof, "Texas Standard Fire Policy." There was no positive proof that said policy was as a matter of fact prepared or promulgated by the state insurance commissioner. While article 4891 of the 1920 Vernon's Sayles' Statutes provides that the state insurance commissioner shall prescribe the kind of policies to be issued, where an insurance company does issue a policy not on a standard form it can be held liable. Article 4896, Vernon's Sayles' Statutes; St. Paul Fire & Marine Insurance Co. v. Kitchen (Tex. Com. App.) 271 S. W. 893. Where the evidence shows the insurance company uses the standard form as prepared or promulgated by the state insurance commissioner, and the plaintiff in the trial of the cause attacks said policy as being unreasonable, technical, and obscure, by reason of the various and sundry provisions contained therein, we think it is legitimate for counsel for the insurance company, in his argument in reply to said attack, to refer to the fact that the policy is the form as promulgated by the state insurance commissioner. Winnsboro Cotton Oil Co. v. Carson (Tex. Civ. App.) 185 S. W. 1002.

[6] Plaintiff in error complains of the action of the trial court in refusing to sustain its special exception to that portion of defendant in error's supplemental petition, which contained the caption to the "Analysis Sheet." We overrule this assignment. The policy of insurance was offered in evidence before the jury, and it was not necessary for defendant in error to plead the entire provisions of the policy in connection with its supplemental petition.

[7] Plaintiff in error complains of the action of the trial court in refusing to submit certain special issues requested. We overrule said assignment, for the reason that the substance thereof was given by the court in the special issues which it did submit.

For the errors herein indicated, the judgment of the trial court is reversed, and the cause remanded.