KELLER, Respondent, vs. HARTFORD FIRE INSURANCE COMPANY, Appellant.

*October 6, 1941—January 13, 1942.*

For the appellant there were briefs by *Rush, Devos & Skroch* of Neillsville, and *Myers & Snerly* of Chicago, Illinois, and oral argument by *A. L. Devos.*

For the respondent there were briefs by *Pors & Pors* of Marshfield, and oral argument by *Charles M. Pors.*

The following opinion was filed November 4, 1941:

ROSENBERRY, C. J. Defendant's brief contains no formal assignment of errors but states that the issues involved are:

"(1) Do the above-stated facts relative to the plaintiff's title to the property constitute sole and unconditional owner-ship?

"(2) At the time of the fire was the policy void and un-enforceable against the defendant insurer by reason of the

failure of the plaintiff to remove the vacancy and unoccupancy condition of the premises prior to the expiration of the time permitted by the policy for vacancy and unoccupancy?"

The facts are substantially undisputed. On October 7, 1937, the defendant issued to the plaintiff a Wisconsin standard fire insurance policy insuring certain residence property in the village of Granton against loss by fire. Attached to the policy when delivered was standard form No. 49, which contained a provision granting permission for the premises to be and remain vacant for a period not exceeding sixty days, or to be and remain unoccupied for a period not exceeding six months, with the further provision that if the said premises are vacant for more than sixty days or unoccupied for more than six months, the policy is void unless a special form should be attached. No such special permission was granted by the company.

The policy also contained the standard policy clause providing that the insurer shall not be liable for loss where the described building is unoccupied beyond a period of ten days and also the standard policy provision that the policy shall be void if the interest of the insured shall be other than unconditional and sole ownership.

On November 10, 1937, a standard mortgage clause was attached to the policy for the protection of the mortgagee. Since the fire, the defendant company has paid the mortgagee the amount of the mortgage and taken an assignment thereof. The insured property was destroyed by fire on July 12, 1939.

Wilbur Billman had occupied the premises as a tenant for several years but vacated the premises on May 7, 1937. Thereafter the premises remained vacant until the fire on July 12, 1939. When the policy was issued and delivered the premises had not been occupied for four months and twenty days. Prior to the date of the policy the plaintiff and her

sister had secured a deed of the property after which the sister had quitclaimed her interest to the plaintiff. It further appeared that the actual consideration for the deed was $125; that the plaintiff was to pay several liens and the delinquent taxes and that the sister was to receive one half of the proceeds derived from the sale of the property. The defendant tendered to the plaintiff the sum of $23.25, being the amount of the premium with interest to October 5, 1939. At the time she applied for the insurance, the plaintiff informed and advised the agent of the defendant, who issued the policy, that the premises were then vacant, had been vacant for some time prior thereto, and would remain vacant until such time as the plaintiff might repair the dwelling so it could be rented. The agent with knowledge of these facts nevertheless issued the policy. The dwelling had not been repaired at the time of the fire.

(1) As regards the contention made by the defendant that the plaintiff was not the sole and unconditional owner of the premises, this case is ruled by *Miller v. Yorkshire Ins. Co.* (1941) 237 Wis. 551, 297 N. W. 377. The fact that the sister of the plaintiff had an interest in the proceeds to be derived from a sale of the property when made attached no condition to the title of the plaintiff.

(2) Under the provisions of sec. 203.13 (1), Stats., the knowledge which the agent had at the time of the issuance of the policy was knowledge of the company. The trial court found, as already stated, that the plaintiff informed the agent of the defendant that the premises were then vacant and would remain vacant until such time as she was able to make suitable repairs so that the building could be rented. Under such circumstances the issuance of the policy by the company waived any provision as to vacancy or unoccupancy then existing. *Day v. Hustisford Farmers Mut. Ins. Co.* (1927) 192

Wis. 160, 212 N. W. 301; *Welch v. Fire Asso.* (1904) 120 Wis. 456, 98 N. W. 227; *Alkan v. New Hampshire Ins. Co.* (1881) 53 Wis. 136, 10 N. W. 91. See also 96 A. L. R. 1259, note and cases cited.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 13, 1942.