79 So.2d 392 (1955)
AMERICAN INDEMNITY COMPANY, Plaintiff-Appellant,
v.
Robert J. NEWSON et al., Defendants-Appellees.
No. 8300.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1955.
Rehearing Denied April 14, 1955.
Writ of Certiorari Denied May 23, 1955.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellant.
J. F. Phillips, Robert J. Newson, Shreveport, for appellees.
HARDY, Judge.
Plaintiff instituted this suit for a declaratory judgment, praying for a decree in its favor to the effect that it was not indebted to the defendant Doyle Harris as the principal insured, nor to the defendant Robert J. Newson, as mortgagee, under the provisions of a policy of insurance issued to the said Harris and containing a loss payable clause in favor of the defendant Newson. The loss, from payment of which plaintiff seeks to be relieved, resulted from fire damage to a building insured by plaintiff, which fire occurred on March 25, 1954.
After trial there was judgment rejecting plaintiff's demands and further judgment responsive to the reconventional demands in favor of defendant, Newson, in the sum of $590 and in favor of the defendant, Harris, for the difference between the amount awarded Newson and the sum of $2,000, which was the total amount of protection provided by the policy. From this judgment plaintiff has appealed.
*393 Plaintiff denies its liability to the defendant Harris on the ground that said defendant forfeited his right to the recovery of insurance for loss or damage to the building by permitting the said building to remain vacant for a period of more than sixty days without notice to the insurer, in violation of a specific condition of the policy. Liability to Newson as mortgagee is contested on the ground that the mortgages, under which Newson claims the benefit of the loss payable clause, were executed after the issuance of the policy, one of said mortgages not having been recorded until after the occurrence of the fire. The district judge rejected both of these contentions.
The policy involved in this case was issued by the insurance firm of Maynard, Jinks and Clark, which firm had been writing insurance policies covering the building in question for some six or seven years. The policy immediately preceding the one here concerned, issued April 23, 1952, for a period of one year, was written in the Columbia Insurance Company of New York and contained a loss payable clause in favor of Robert J. Newson. During the effective period of that policy a local option election was held in that part of Ward 4 of Caddo Parish outside the city limits of the City of Shreveport, in which area the insured building was located. Responsive to the result of the election the Police Jury adopted an ordinance prohibiting the sale of alcoholic beverages in the area, which ordinance became effective November 13, 1952. The insured building, owned by defendant Harris, was rented to a tenant who conducted a bar and retail liquor store for colored patrons. The effect of the ordinance above noted was to compel the closing of the operation of the business specified. The business was closed and the building was vacant at the time of the issuance of the policy here involved, which was issued by plaintiff, American Indemnity Company, for a period of one year beginning April 23, 1953, in the amount of $2,000 for fire and extended coverage. The fire occurred at about 2:00 a. m. on March 25, 1954, at which time the building had been continuously vacant for a period of approximately fourteen and one-half months.
The policy provision upon which plaintiff relies suspends the insurance and absolves the company from liability for loss occurring:
"* * * while a described building, whether intended for occupancy by owner or tenant, is vacant beyond a period of sixty consecutive days * *."
In determining the question of liability the learned judge of the district court properly invoked the appropriate section of the insurance code of this state as set forth in LSA-R.S. 22:692, as follows:
"No policy of fire insurance issued by any insurer on property in this state shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy or in the application therefor. Such breach shall not avail the insurer to avoid liability unless such breach (1) shall exist at the time of the loss, and be either such a breach as would increase either the moral or physical hazard under the policy, or (2) shall be such a breach as would be a violation of a warranty or condition requiring the insured to take and keep inventories and books showing a record of his business. Notwithstanding the above provisions of this Section, such a breach shall not afford a defense to a suit on the policy if the fact or facts constituting such a breach existed at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers or agents, or if the facts or fact constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured."
*394 The district judge also properly held that the burden of proof rests upon the insurer to establish as a fact that the moral and physical hazard was increased by the breach of the condition of the policy relied upon, citing as authority Lee v. Travelers Fire Ins. Co., 219 La. 587, 53 So.2d 692.
There is no evidence in the record which indicates any increase in the moral hazard, nor is there any testimony of an increase in the physical hazard. There is some contention that a vacant building is subject to invasion by tramps and itinerant wanderers, but there is no evidence of the existence of such a condition in this case. As a matter of common sense it would appear that a vacant building is not so much subject to fire hazard as is a building which is used for the dispensing of spirituous liquors, both by the drink and by package units, to colored patrons. It is further pointed out, and we think properly so, that under any circumstances, even during the occupancy and operation of the liquor business, the building would customarily have been vacant at the hour of 2:00 a. m., at which approximate time the fire occurred.
Still another factual circumstance involved is the question of notice to the insurer through its agent. It was established on trial that the policy in question issued at a time when the premises were vacant and it was shown that Mr. Clark, one of the members of the issuing agency, in default of prompt payment of the premium personally called on defendant, Harris, to collect said premium. Harris testified that he informed Clark at the time that the building was vacant, which, however, was denied by Clark. It was further testified by the witness, Clark, that while he knew of the local option election he had no independent knowledge that the insured building was in the part of Caddo Parish outside the limits of the City of Shreveport which was affected by such election. We think it pertinent to call attention to the fact that the policy itself described the property insured as being:
"* * * the one-story, frame, approved roof building, occupied as a retail liquor store and situated in Greenhill Subdivision (Mooretown) Lot 59, 4425 Broadway Street, near Shreveport, Louisiana, * * *."
Without the necessity of drawing what would appear to be reasonable inferences as to independent knowledge on the part of plaintiff's agents, we are clear in the opinion that plaintiff has failed to satisfactorily discharge the burden of proof to the degree which is required, and it follows, accordingly, that it is liable for payment of the loss.
The above finding eliminates the necessity of determining the correctness of the apportionment as made between the insured and his mortgagee. Since, of necessity, plaintiff must make payment jointly to the defendants, and since there is no disagreement between the latter as to the amounts due each, it follows that none of the parties have any interest with reference to the determination of the mortgagee's exact and specific pecuniary recovery, and this question is therefore purely academic and in no sense essential to a determination of plaintiff's liability.
Before this court plaintiff complains that the district judge erred in awarding recovery for the full amount of the insurance coverage without adequate proof of the amount of loss. As noted by counsel for plaintiff in brief the only evidence in the record on this point is covered by a stipulation of counsel dictated into the record as follows:
"It is stipulated and agreed by and between counsel for American Indemnity Company and counsel for the defendants that the fire giving rise to this litigation occurred at two o'clock in the morning on March 25, 1954. It is further stipulated that after the fire the American Indemnity Company, through its Adjuster, Howard F. Foggin, had the insured building examined by a building contractor named W. B. Miller, and if Mr. Miller were called as a witness, he would testify that in his opinion it would take a *395 minimum of $2,950.00 to restore the building to a usable condition. It is further stipulated that in the opinion of this contractor, the property was in need of extensive repairs prior to the fire; and it was the opinion of Howard F. Foggin that in its condition prior to the fire, the building was not worth as much as Two Thousand Dollars."
We cannot see, on the basis of the above quoted stipulation, that the trial judge was guilty of manifest error in allowing recovery against plaintiff of the full amount of the policy in the sum of $2,000. Apparently counsel for plaintiff, as well as counsel for defendants, was satisfied to submit the determination of the question of loss on the basis of this stipulation, for it made no effort to introduce other testimony on the point. The only additional testimony tendered on behalf of defendant was the expression by the defendant, Newson, that, in his opinion, the loss sustained in any circumstance amounted to $2,000.
In further connection with this issue we point out that this action was provoked by the insurer under the declaratory judgment statute for the purpose of avoiding liability under its policy. Quite obviously one of the purposes inherent in the declaratory judgment statute is the simplifying of litigation. To sustain plaintiff's position would, in effect, do violence to this purpose and would encourage more rather than less litigation. Plaintiff had every opportunity to present direct testimony as to the loss, and had more than sufficient time for investigation, since the record discloses that proof of loss was duly made by the insured Harris on May 6, 1954. Plaintiff's petition was filed August 16th and trial was had on October 5th. We see no valid reason why plaintiff, having been adjudged liable under the policy, should now be granted further delay, to defendant's detriment, for the purpose of attempting to elaborate its proof on this particular point.
Finally, defendants insist, by way of their answer to plaintiff's appeal, upon the allowance of penalties, which claim was not allowed by the judgment of the trial court. The record does not sustain defendants' position in this respect, for plaintiff has presented in this litigation a substantial and serious question with respect to which there can be no successful charge of arbitrary and capricious refusal to make payment.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.