KERMIT McKINNEY

*v.*

PROVIDENCE WASHINGTON INSURANCE COMPANY

(No. 11039)

Submitted May 5, 1959.        Decided June 16, 1959.

*Bailey, Worrell & Bailey, C. S. Worrell,* for plaintiff in error.

*D. Grove Moler,* for defendant in error.

HAYMOND, JUDGE:

This is a proceeding by notice of motion for judgment instituted in the Circuit Court of Wyoming County in January 1957, in which the plaintiff, Kermit McKinney, seeks a recovery from the defendant, Providence Washington Insurance Company, a corporation, upon a fire insurance policy issued by it to the plaintiff on October 10, 1953, for a period of three years, on a frame one family dwelling situated on a thirty five acre tract of land in Wyoming County.

The defendant filed a statement of defense in which it alleged that certain specified conditions suspending or restricting the insurance were not complied with by the plaintiff and that by reason of his violation of such conditions the defendant was not liable under the policy for the loss which occurred. The conditions set forth and relied upon in the statement of defense are: "CONDITIONS SUSPENDING OR RESTRICTING INSURANCE—Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; * * *."

The plaintiff filed his special reply to the statement of defense and alleged that when he applied through the duly authorized agent of the defendant for the policy of insurance he informed the defendant that the building to be insured was vacant; and that although the loss occurred during a period of vacancy of more than sixty consecutive days, the defendant by issuing the policy with knowledge that the building was vacant at the time and would likely remain vacant was estopped to deny liability for the amount of the policy.

The case was tried on March 18, 1957. The defendant offered no evidence but at the conclusion of the evidence introduced in behalf of the plaintiff entered its written demurrer to the evidence. The jury returned a conditional verdict for the plaintiff for $2,000.00 if the court should be of the opinion that the law arising upon the demurrer should be for the plaintiff, but for the defendant, if the court should be of the opinion that the law arising upon the demurrer should be for the defendant. By final order entered June 9, 1958, the court overruled the demurrer to the evidence and entered judgment on the verdict for the plaintiff for $2,000.00 with interest from the date of the judgment and costs.

To the final judgment of the circuit court this Court granted this writ of error and supersedeas on December 8, 1958, upon the application of the defendant.

The only evidence consisted of the testimony of the plaintiff, his wife and his father-in-law and the exhibits introduced with their testimony; and there is little, if any, dispute with respect to the material facts.

The plaintiff, an uneducated farmer and the owner of a one family frame dwelling situated in a sparsely settled section of Wyoming County, went to the office of a duly authorized agent of the defendant in Mullens on October 10, 1953, to obtain a policy of insurance upon his dwelling. He was accompanied by his father-in-law. The dwelling was vacant at the time and had been for several days. The plaintiff described the building, mentioned its

location in an outlying area which was without protection against fire, and requested an insurance policy in the amount of $2,000.00. The agent issued the policy in the amount of $2,000.00 for a period of three years from October 10, 1953, and the plaintiff paid the required premium of approximately forty dollars. Before the policy was issued the plaintiff and his father-in-law informed the agent that the building was vacant at that time. The plaintiff testified that he told the agent that "the building was vacant and probably would be vacant during the duration of the policy, might be someone in it the next two weeks or months, or possibly during the duration of the three years;" and that the agent said "that didn't make any difference." The plaintiff did not know that the policy contained any provision with regard to the dwelling being vacant or that there was any difference in the premium if the dwelling was or became vacant; and the agent did not inform the plaintiff that the policy contained any provision with respect to the dwelling being vacant or of any requirement with respect to a different premium. The plaintiff did not know that the policy contained a provision of the character indicated until after the building was destroyed by fire and he had reported the loss to a representative of the company who then told him about the provision. After the policy was written by the agent on October 10, 1953, it was sent by him by mail to the plaintiff and though the plaintiff had the policy in his possession until after the fire occurred he did not read it at any time. Within eight or ten days after the policy was written a tenant occupied the dwelling and continued to do so until sometime during the month of July, 1955, when it became vacant and continued to be vacant until it was totally destroyed by fire on the morning of November 2, 1955.

The defendant assigns as error the action of the court in overruling the demurrer to the evidence; and the plaintiff cross-assigns as error the action of the court in refusing to allow interest on the amount of the verdict from the date of the verdict and in allowing interest only from the date of the judgment.

The controlling question is whether a clause in a fire insurance policy that, unless otherwise provided in writing added to the policy, the insurer shall not be liable for loss occurring while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days, is waived when a duly authorized agent of the insurer with knowledge that the building was vacant and probably would be vacant during the term of the policy but might be occupied in two weeks or months or during the period of three years, issues a policy to the insured who paid the required premium for a three year period and was unaware of the vacancy clause of the policy but within a period of eight or ten days obtained a tenant who occupied the building until approximately four months before it was destroyed by fire after it had been vacant for a period of more than sixty consecutive days.

It is well established that a condition in a policy of insurance respecting the vacancy of property for a definite number of days is a valid provision of a policy. *Bias* v. *Globe and Rutgers Fire Insurance Company,* 85 W. Va. 134, 101 S. E. 247, 8 A.L.R. 373; *Conley* v. *Queen Insurance Company of America,* 256 Ky. 602, 76 S. W. 2d 906, 96 A.L.R. 1255; 4 Couch Cyclopedia of Insurance Law, Section 970. A condition of that character in the policy is for the benefit of the insurer and may be waived by it or its authorized agent or the insurer may be estopped to rely upon the condition as a defense to an action upon the policy. *Georgia Home Insurance Company* v. *Kinnier's Adm'x,* 28 Gratt. 88; *Hamlet* v. *American Fire Insurance Company,* 107 W. Va. 687, 150 S. E. 7; *Kimball Ice Company* v. *Springfield Fire and Marine Insurance Company,* 100 W. Va. 728, 132 S. E. 714; *Medley* v. *German Alliance Insurance Company,* 55 W. Va. 342, 47 S. E. 101, 13 L.R.A., N. S., 866, 2 Ann. Cas. 99; *Rochester Loan and Banking Company* v. *Liberty Insurance Company,* 44 Neb. 537, 62 N. W. 877, 48 Am. St. Rep. 745; 4 Couch Cyclopedia of Insurance Law, Section 970o.

A condition respecting the vacancy of property for a

564

definite number of days in a fire insurance policy has
given rise to variant results and conflicting decisions in
different jurisdictions. The weight of authority, how-
ever, supports the view that if an insurance company has
knowledge, through its agent, when a contract of insur-
ance is effected, that the premises are vacant or unoccu-
pied, the issuance of the policy waives any provision as
to vacancy or nonoccupancy, at least so far as concerns
the existing vacancy. *Farmers Union Mutual Insurance
Company* v. *Hill,* 205 Ark. 139, 167 S. W. 2d 874; *Ger-
mania Fire Insurance Company* v. *Klewer,* 129 Ill. 599,
22 N. E. 489; *Commercial Insurance Company* v. *Spank-
neble,* 52 Ill. 53, 4 Am. Rep. 582; *Dodge* v. *Grain Ship-
pers' Mutual Fire Insurance Association,* 176 Iowa 316,
157 N. W. 955; *Williams* v. *The Niagara Fire Insurance
Company,* 50 Iowa 561; *Milwaukee Mechanics' Insurance
Company* v. *Brown,* 3 Kan. App. 225, 44 P. 35; *Franklin
National Insurance Company of New York* v. *Hibbitt,*
(Ky.), 264 S. W. 2d 648; *Queens Insurance Company of
Liverpool, England* v. *Kline,* 17 Ky. L. Rep. 613, 32 S. W.
214; *American Indemnity Company* v. *Newsom,* (La.
Court of Appeal), 79 So. 2d 392; *Maxwell* v. *York Mu-
tual Fire Insurance Company,* 114 Me. 170, 95 A. 877;
*Guptill* v. *Pine Tree State Mutual Fire Insurance Com-
pany,* 109 Me. 323, 84 A. 529; *Aurora Fire and Marine
Insurance Company* v. *Kranich,* 36 Mich. 289; *Tiller* v.
*Farmers' Mutual Fire Insurance Company of Billings,
Mo.,* 220 Mo. App. 1337, 296 S. W. 464; *Chamberlain* v.
*The British-American Assurance Company,* 80 Mo. App.
589; *German Insurance Company of Freeport, Ill.* v.
*Frederick,* 57 Neb. 538, 77 N. W. 1106; *Rochester Loan
and Banking Company* v. *Liberty Insurance Company,*
44 Neb. 537, 62 N. W. 877, 48 Am. St. Rep. 745; *Bear* v.
*Atlanta Home Insurance Company,* 34 Misc. Rep. 613,
70 N. Y. S. 581; *Cross* v. *National Fire Insurance Com-
pany of New York City,* 132 N. Y. 133, 30 N. E. 390;
*Haight* v. *Continental Insurance Company,* 92 N. Y. 51;
*Short* v. *Home Insurance Company,* 90 N. Y. 16, 43 Am.
Rep. 138; *Woodruff* v. *The Imperial Fire Insurance Com-
pany of London, England,* 83 N. Y. 133; *Vanderhoef* v.

*The Agricultural Insurance Company of Watertown, N. Y.,* 46 Hun. (N. Y.) 328; *Georgia Home Insurance Company* v. *Kinnier's Adm'x,* 28 Gratt. 88; *Keller* v. *Hartford Fire Insurance Company of Hartford, Conn.,* 239 Wis. 354, 300 N. W. 471; *Day* v. *Hustisford Farmers' Mutual Insurance Company,* 192 Wis. 460, 212 N. W. 301; 29 Am. Jur., Insurance, Section 815; Annotation 96 A.L.R. pages 1260 to 1263. See *Liverpool and London and Globe Insurance Company* v. *Bolling,* 176 Va. 182, 10 S. E. 2d 518; *North River Insurance Company* v. *Belcher,* 155 Va. 588, 155 S. E. 699; *Morotock Insurance Company* v. *Pauley,* 91 Va. 259, 21 S. E. 487. In 4 Couch Cyclopedia of Insurance Law, Section 970o, the author states the general rule to be "if the company or its agent has knowledge when the contract of insurance is effected that the premises are vacant or unoccupied, the issuance of the policy waives any provisions or conditions as to vacancy or unoccupancy."

Other cases hold that when the premises are insured with the knowledge of the insurer or its agent that the premises are vacant or unoccupied when the policy is issued, the issuance of the policy with such knowledge does not waive a condition relieving the insurer of liability if the premises be and remain vacant or unoccupied for a specified period of time. *Conley* v. *Queen Insurance Company of America,* 256 Ky. 602, 76 S. W. 2d 906, 96 A.L.R. 1255; *Thomas* v. *Hartford Fire Insurance Company,* 21 Ky. L. Rep. 1139, 56 S. W. 264; *Newmarket Savings Bank* v. *Royal Insurance Company of Liverpool,* 150 Mass. 374, 23 N. E. 210; *Heindselman* v. *The Home Insurance Company,* (St. Louis Court of Appeals), 282 S. W. 2d 191; *Moore* v. *Niagara Fire Insurance Company of New York,* 199 Pa. 49, 48 A. 869, 85 Am. St. Rep. 771; *Queen Insurance Company of America* v. *Chadwick,* 13 Tex. Civ. App. 318, 35 S. W. 26.

There is also authority which supports the view that the waiver of an existing vacancy which arises from the issuance of the policy, with knowledge by the agent of such vacancy, does not apply to vacancy arising after the

premises have become occupied. *Ross* v. *Scottish Union and National Insurance Company*, 58 Can. S. C. 169, 9 B.R.C. 366, 46 D.L.R. 1. See *Evans* v. *Queen Insurance Company*, 5 Ind. App. 198, 31 N. E. 843.

Though it does not appear that the precise question here involved has been determined by this Court in any prior decision, numerous decisions of appellate courts in other jurisdictions adopt the view that where an agent of the insurer knew at the time the policy was issued that the premises were vacant, and they were later destroyed by fire while vacant but had been occupied between the time of the issuance of the policy and the time of the loss, a provision of the policy that the insurer shall not be liable if the property is vacant or unoccupied for a definite number of days is waived by the insurer or it is estopped to rely upon such provision as a defense to the claim of the insured. *Washington County Farmers' Mutual Fire Insurance Company* v. *Reed*, 218 Ark. 589, 237 S. W. 2d 888; *Maxwell* v. *York Mutual Fire Insurance Company*, 114 Me. 170, 95 A. 877; *Gordon* v. *St. Paul Fire and Marine Insurance Company*, 197 Mich. 226, 163 N. W. 956, L.R.A.. 1918E, 402; *Aurora Fire and Marine Insurance Company* v. *Kranich*, 36 Mich. 289; *Blass* v. *Agricultural Insurance Company of Watertown, N. Y.*, 18 App. Div. 481, 46 N.Y.S. 392, affirmed 162 N. Y. 639, 57 N. E. 1104; *Bennett* v. *Agricultural Insurance Company of Watertown, N. Y.*, 106 N. Y. 243, 12 N. E. 609; *Woodruff* v. *The Imperial Fire Insurance Company of London, England*, 83 N. Y. 133; *Alkan* v. *The New Hampshire Insurance Company*, 53 Wis. 136, 10 N. W. 91.

In *Gordon* v. *St. Paul Fire and Marine Insurance Company*, 197 Mich. 226, 163 N. W. 956, L.R.A. 1918E, 402, the defendant issued to the plaintiff a fire insurance policy upon a dwelling for a term of three years. At the time the policy was issued the premises were vacant and unoccupied to the knowledge of the agent of the defendant. Shortly after the policy was issued the house was occupied for some time by a tenant after which it became vacant. Different tenants occupied it periodically and the

last tenant moved out of the house five or six months before it was totally destroyed by fire within the three year period of the policy. The policy contained this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days, * * *." In holding the defendant liable the court said: "Upon the undisputed facts the premises were vacant and unoccupied, to the knowledge of defendant's agent, and therefore to its knowledge, at the time the policy was issued, and at the time it took effect. Under the undisputed facts the premises were vacant and unoccupied at the time of the fire. In other words, the premises, when the contract of insurance was written and at its inception to the knowledge of defendant, were in the same condition as when the fire occurred." As the defendant in that case voluntarily and knowingly insured a vacant dwelling and as no greater risk existed at the time of the fire the defendant was held liable for the loss of a vacant building against which the policy was intended to afford protection for the insured.

In the case of *Aurora Fire and Marine Insurance Company* v. *Kranich,* 36 Mich. 289, in holding the defendant liable upon a policy of insurance containing a vacancy clause for the loss of property which to the knowledge of the agent of the defendant was vacant when the policy was issued and, though subsequently occupied, was vacant at the time of the loss, the court said: "If, however, the property is unoccupied when the risk is taken, and there is no provision in the policy requiring the insured to make any change in this respect, we are of opinion the company would be liable under the policy for a loss occurring at a time when the property was vacant, even although it might appear that intermediate the date of issue of the policy and date of loss the property had been actually occupied. Under such circumstances the risk is in no way increased or changed. The property is in no worse situation at the time of the loss than it was when

the policy was issued. The policy, although framed to carefully guard the rights of the company, makes no provision for such a state of facts, and the law will not step in and relieve the company from responsibility, where the provisions of the policy have not been violated by the insured, and where the state of the property has at all times during the continuance of the policy been in as favorable a condition as it was when the policy was issued."

In *Bennett* v. *Agricultural Insurance Company of Watertown, N. Y.*, 106 N. Y. 243, 12 N. E. 609, in holding the defendant liable under a policy which was issued by it when the property was vacant and such vacancy was known to the agent of the defendant, the court said: "The claim is that although the house was insured as unoccupied, yet as the plaintiff afterwards, during the life of the policy, occupied it for a time by a tenant, he could not thereafter discontinue the occupation during the subsequent life of the policy, and leave the premises vacant without forfeiting the insurance. The policy contains these among other conditions: 'If the dwelling house or houses hereby insured, shall cease to be occupied by the owner or occupant in the usual and ordinary manner in which dwelling-houses are occupied as such, or be so unoccupied at the time of effecting insurance, and not so stated in the application; then, and in every such case, or in either of said events, this policy shall be null and void until the written consent of the company at the home office is obtained.' The defendant bases his contention upon the first of the conditions above quoted. It is plain, we think, that this condition was intended to protect the company against an increase of risk, by leaving premises vacant which were occupied at the time the insurance was effected, and that it has no application to a risk taken on an unoccupied dwelling-house."

In *Maxwell* v. *York Mutual Fire Insurance Company*, 114 Me. 170, 95 A. 877, the court said: "The plaintiff was justified in believing that the property was insured as vacant property, as it was in fact; that it was unoccupied

and might be during the life of the policy was well known to the company as well as to the agent, and we find no warrant in holding that an occasional occupancy and consequent occasional vacancies, as in this case, destroy the right to recover. The plaintiff procured insurance on vacant property. As such it was destroyed by fire. She was protected by the policy."

In *Kimball Ice Company* v. *Springfield Fire and Marine Insurance Company*, 100 W. Va. 728, 132 S. E. 714, the plaintiff obtained a policy of fire insurance from the defendant through its general agent on a one story frame building "occupied as an ice plant" and other property in the building. The policy contained these provisions: "Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring * * * if the subject of insurance be a manufacturing establishment * * * while it ceases to be operated beyond a period of ten days"; or "while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days." From an inspection of the property by the agent of the defendant it knew before the policy was issued that the building was occupied only as an ice plant operated during the summer season and that the condition of the machinery was such that it could not be placed in running condition within ten days. The policy was issued February 12, 1924 for a period of one year. On May 13 the property was destroyed by fire. One of the grounds on which the defendant denied liability was that the building had been vacant or unoccupied beyond the period of ten days and that the condition had not been waived by written agreement added to the policy. This Court held in point 2 of the syllabus that "Where the soliciting agent has knowledge of past conditions or existing facts which at the time would serve to void the policy, the company issuing the policy cannot insist upon such facts for the purpose of avoiding its liability."

The opinion in that case contains these statements: "Issuance and delivery of the policy with knowledge by

the company or its agent of existing facts as to vacancy or nonoccupancy, or that the building will be unoccupied for more than the limited or prescribed period, operates as a waiver or estoppel, preventing the company from claiming a forfeiture by reason of such facts. 2 Clement on Fire Insurance, 390, citing among many other authorities, the case of *Georgia Home Ins. Co.* v. *Kinnier*, 28 Gratt. 88. When the facts are thus known before the contract is made, a condition against the state of things known by all the parties to exist cannot be deemed to be within their intention or purpose.

" 'According to the weight of authority, a provision in the policy requiring that any change in its terms, or waiver thereof, shall be in writing or indorsed thereon, does not apply as to matters known to the company through its agents at the time of the negotiation or issuance of the contract.' 32 Cyc. 1339.

" 'The issuance of the policy by the company is, according to the generally accepted rule, a waiver of a known ground of invalidity, and equivalent to an assertion that the policy is valid at the time of its delivery, although the facts known to the company would, under the express terms of the agreement, render it void or voidable.' 32 Cyc. 1343, citing many decisions from thirty-two States, and numerous Federal jurisdictions."

The rule that applies to and governs the decision in the case at bar is that when a duly authorized agent of the insurer knows at the time the policy is issued that the building is vacant, and it was later destroyed by fire while vacant but had been occupied between the time of the issuance of the policy and the time of the loss, the provision of the policy that the insurer shall not be liable if the building is vacant or unoccupied for a definite number of days, is waived by the insurer. See *Kimball Ice Company* v. *Springfield Fire and Marine Insurance Company*, 100 W. Va. 728, 132 S. E. 714; *Plumley* v. *Superior Fire Insurance Company*, 122 W. Va. 333, 9 S. E. 2d 229. Restrictions in a policy of insurance upon the power of the agent to waive any condition except in a

particular manner, as by indorsing the waiver on the policy, do not apply to those conditions which relate to the inception of the contract. *Kimball Ice Company* v. *Springfield Fire and Marine Insurance Company*, 100 W. Va. 728, 132 S. E. 714; *Plumley* v. *Superior Fire Insurance Company*, 122 W. Va. 333, 9 S. E. 2d 229; *Hamlet* v. *American Fire Insurance Company*, 107 W. Va. 687, 150 S. E. 7; *Medley* v. *German Alliance Insurance Company*, 55 W. Va. 342, 47 S. E. 101, 13 L.R.A., N.S., 866, 2 Ann. Cas. 99.

The undisputed evidence shows that the dwelling was vacant when the policy was issued and would likely be vacant for more than sixty consecutive days during the three year period covered by the policy; and that the plaintiff did not know and the agent did not inform him that the policy contained a provision that the defendant would be relieved of liability if the dwelling was vacant for sixty consecutive days, the purpose of which was to protect the defendant against the greater risk in insuring a vacant building than the risk in insuring an occupied building. The risk voluntarily and knowingly assumed when the policy was issued was not changed but remained the same when the fire occurred after the building had again become vacant. It was just as vacant when the policy was issued as it was when it was destroyed by fire. It is a matter of common knowledge that a building vacated by a tenant and left with no one in charge of it is subject to increased fire hazards. *Frozine* v. *St. Paul Fire and Marine Insurance Company*, 195 Wis. 494, 218 N. W. 845. The plaintiff believed and the defendant knew in fact that the dwelling was insured as vacant property. As such it was destroyed by fire. It would be unjust to deprive the plaintiff of his right to recover under the policy solely by reason of the occupation of the premises by his tenant for a portion of the period between the issuance of the policy and the occurrence of the loss by fire.

Among the numerous cases cited and relied upon by the defendant is *Addia* v. *The Globe and Rutgers Fire*

*Insurance Company*, 97 W. Va. 443, 125 S. E. 161. The facts of that case render it clearly distinguishable from *Kimball Ice Company* v. *Springfield Fire and Marine Insurance Company*, 100 W. Va. 728, 132 S. E. 714, and the case at bar. In the *Addia* case the agent of the defendant issued a policy on a building which he knew to be vacant at the time but added a rider to the policy extending for thirty additional days the vacancy for ten days permitted in the policy. The property continued to be vacant beyond the period of forty days and while vacant was destroyed by fire. Before the loss occurred, however, the insurer requested surrender and cancellation of the policy because of the vacancy, the policy was surrendered upon condition of the refund of the unearned premium paid, and both the insured and the insurer considered the insurance cancelled before the fire occurred. As the insurer agreed to an extension of the vacancy for an additional period beyond that permitted by the policy and took proper steps to cancel the policy because the vacancy continued beyond the extended period of forty days, it was clear from such action that there was no intention upon the part of the insurer to waive at any time the period of the vacancy beyond the limit fixed by the rider. In that situation it was held that the defendant was not liable under the policy for the loss caused by the fire. In the opinion, discussing the policy, this Court said: "The policy contract did not contemplate that the property would continue to be vacant for the entire term. It is distinguishable from policies issued on vacant and unoccupied property, expected to remain vacant; and where, with that knowledge and expectation, the policy is issued the clause against vacancy is waived. *Backhaus* v. *Caledonia Ins. Co.*, 112 Md. 676, [77 A. 310]."

The defendant complains of the action of the circuit court in admitting the testimony of the plaintiff and his father-in-law that the agent, when told that the dwelling was vacant and that it might or might not continue to be unoccupied replied "that didn't make any difference."

The objection to this evidence was a general objection to all the testimony of each of these witnesses and did not refer specifically to the foregoing statement of the agent. Most of the testimony of these witnesses was admissible including in particular their testimony that the dwelling was vacant and that it was probable that the vacancy would continue for an indefinite period. As the statement of the agent "that didn't make any difference" was not made the basis of a specific objection in the trial court the admission of that evidence was waived. An objection, to be sufficient, must point out the specific ground of the objection and if it does not do so no error is committed in overruling it. *State* v. *Taylor*, 130 W. Va. 74, 42 S. E. 2d 549. A general objection to evidence admissible in part and inadmissible in part is properly overruled. *State* v. *Taylor*, 130 W. Va. 74, 42 S. E. 2d 549; *Cobb* v. *Dunlevie*, 63 W. Va. 398, 60 S. E. 384; *State* v. *Hood*, 63 W. Va. 182, 59 S. E. 971, 15 L.R.A., N. S., 448, 129 Am. St. Rep. 964. It is clear that the statement of the agent was inadmissible as parol evidence of prior or contemporaneous oral agreements which may not be received to contradict, add to, detract from, vary or explain the unambiguous terms of the policy in the absence of a showing of illegality, fraud, duress, mistake or insufficiency of consideration. *Kanawha Banking and Trust Company* v. *Gilbert*, 131 W. Va. 88, 46 S. E. 2d 225; *Oliker* v. *Williamsburgh City Fire Insurance Company*, 72 W. Va. 436, 78 S. E. 746, Ann. Cas. 1915D, 914; *Maupin* v. *Insurance Company*, 53 W. Va. 557, 45 S. E. 1003. Due to the insufficiency of the objection, however, the inadmissibility of the evidence was waived and the objection was properly overruled.

By his cross-assignment of error the plaintiff insists that he is entitled to interest on the amount of the judgment from the date of the verdict instead of interest on such amount from the date of the judgment. To support that contention he relies upon Section 29, Article 6, Chapter 56, Code, 1931. That section provides, in part, that where a judgment or decree is rendered or made for the

payment of money it shall be for the aggregate of principal and interest due at the date of the verdict if there be one, otherwise at the date of the judgment or decree, with interest from the date of such verdict if there be one, otherwise from the date of such judgment or decree, except in cases where it is otherwise provided and that in an action founded on a tort a judgment on a verdict for the plaintiff shall bear interest from the date of the verdict. According to the record the verdict was returned on March 18, 1957, but the judgment was not entered until June 9, 1958, nearly fifteen months after the date of the verdict. As the statute directs that the judgment shall be for the amount due at the date of the verdict with interest from the date of the verdict, and as the language of the statute is comprehensive and makes no distinction between a verdict rendered in the usual manner when the jury decides the factual questions involved and a conditional verdict upon a demurrer to the evidence, the court should have allowed interest on the amount of the judgment from the date of the verdict instead of interest on the amount of the judgment from the date of the judgment; and the judgment should be corrected in this Court to comply with the requirement of the statute. In *Talbott* v. *West Virginia C. & P. Railway Company,* 42 W. Va. 560, 26 S. E. 311, an action founded on a tort in which there was a conditional verdict for the plaintiff upon a demurrer to the evidence, this Court held that a judgment on a verdict for the plaintiff in an action on a contract should bear interest from the date of the verdict but that, under the statute then in effect, a judgment on a verdict in an action founded on a tort should bear interest from the date of the judgment. Under Section 29, Article 6, Chapter 56, Code, 1931, a judgment for the payment of money on a policy of insurance, entered upon a conditional verdict for the plaintiff upon a demurrer to the evidence, shall bear interest from the date of the verdict.

The judgment of the circuit court is corrected to bear interest from the date of the verdict and as so corrected

and modified is approved and entered by this Court.

*Modified and entered*
*as modified.*